UNITED STATES DISCTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Q.B.E. INSURANCE
CORPORATION a/s/o BRICKELL
BAY PLAZA, L.L.C. as Assignee of
the Club at Brickell Bay Plaza
Condominium Association, Inc.,

    Plaintiff,
vs.

JORDA ENTERPRISES, INC. d/b/a
JORDA MECHANICAL
CONTRACTORS

    Defendant.
_____/

10-XXXXXX-CIV-

## COMPLAINT

Plaintiff, QBE INSURANCE CORPORATION ("QBE"), a foreign corporation, a/s/o BRICKELL BAY PLAZA, LLC, a Florida Limited Liability Company as Assignee of the CLUB AT BRICKELL BAY PLAZA CONDOMINIUM ASSOCIATION, INC. ("Insured"), sues Defendant, JORDA ENTERPRISES, INC. d/b/a JORDA MECHANICAL CONTRACTORS ("Jorda Mechanical") and alleges as follows:

## NATURE OF THE ACTION

1. This is a common law indemnity and equitable subrogation action whereby Plaintiff seeks to recover amounts paid to their Insured related to an incident caused by Defendant.

## THE PARTIES AND JURISDICTION

2. The Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1367.

3. The amount in controversy between QBE and Defendant is in excess of seventy-five thousand dollars ($75,000.00), exclusive of costs, interest and attorney's fees.

4. The Club at Brickell Bay Condominium Association, Inc. is a not-for-profit Florida corporation created pursuant to Chapter 718, Florida Statutes.

5. The subrogor, Brickell Bay Plaza, LLC, is a Florida Limited Liability Company, with its principal place of business in Miami-Dade County, Florida.

6. The subrogee, QBE, is a foreign corporation organized under the laws of the state of New York.

7. Defendant, Jorda Mechanical is a Florida for-profit corporation with its principal place of business in Miami-Dade County, Florida.

8. Venue is proper in Miami-Dade County, Florida because Jorda Mechanical conducts business in Miami-Dade County, Florida; maintains its principal place of business in Miami-Dade County, Florida; and the events giving rise to the present action occurred in Miami-Dade County, Florida.

9. All conditions precedent to bringing this action have been satisfied, waived, or otherwise excused.

## GENERAL ALLEGATIONS

10. The Insured is a luxury condominium high-rise complex located at 1200 Brickell Bay Drive, Miami, Florida 33134 ("Subject Property").

11. Brickell Bay Plaza, LLC was the developer for the Insured.

12. At all times material to the filing of this Complaint, Jorda Mechanical installed PVC pipe as a component of an A/C supply/return line in the rooftop mechanical room of the Insured.

13. On or about September 27, 2004, QBE issued a commercial lines policy of insurance, Policy Number QFW3944 ("Policy") to Insured which covered for certain losses at the Subject Property.

14. On or about August 26, 2005, Insured sustained water damages to the property as a result of a failed PVC pipe installed by Jorda Mechanical.

15. Insured made a claim under its Policy with QBE for the property damages caused by Defendant.

16. Pursuant to the Policy, QBE became obligated to pay, and did pay, the claim made by Insured in the total amount of $3,028,446.40 ($100,000.00 paid on September 13, 2005; $228,446.40 paid on October 21, 2005; $2,700,000.00 paid on May 6, 2009).

17. The Insured's Policy with QBE provided as follows:

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

································································

I. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US

If any person or organization to or for whom we make payment under this Coverage Part has rights to recover damages from another, **those rights are transferable to us to the extent of our payment.** That person or organization must do everything necessary to secure our

rights and must do nothing after loss to impair them. But you may waive your rights against another party in writing:

1. Prior to a loss to your Covered Property or Covered Income.

2. After a loss to your Covered Property or Covered Income only if, at time of loss, that party is one of the following:

    a. Someone insured by this insurance;

    b. A business firm:

        (1) Owned or controlled by you; or

        (2) That owns or controls you; or

    c. Your tenant.

This will not restrict your insurance.

(A copy of the policy is attached as Exhibit "A").

18. On or about September 16, 2005, Brickell Bay Plaza, LLC, through its authorized representative, agreed to subrogate to QBE all rights, claims and interest it may have against any person or corporation liable for the loss occurring on or about August 26, 2005 to the insured premises, which QBE has paid in full. (See Release, attached as Exhibit "B").

19. In consideration for such payment, QBE, as subrogee, stands in the shoes of Brickell Bay Plaza, LLC to assert Brickell Bay Plaza's rights, claims and interest against any person or corporation liable for the loss to the Subject Property on August 26, 2005.

## COUNT I
## COMMON LAW INDEMNITY

20. The Plaintiff realleges and reaffirms Paragraphs 1 through 18 above, as though fully set forth herein.

21. Defendant Jorda Mechanical improperly installed and/or designed a PCV pipe resulting in significant water damage to the Subject Property when the pipe broke.

22. Jorda Mechanical owed a duty to Insured to install and/or design the plumbing system.

23. Jorda Mechanical knew or should have knows its failure to install and/or design the PCV pipe would result in damages to the Subject Property.

24. Jorda Mechanical negligently breached its duty of reasonable care in:

   a. Failing to properly install and/or design the plumbing system at the Subject Property;

   b. Failing to properly supervise, train, and educate its employees, agents, and/or representatives regarding proper installation of the plumbing system at the Subject Property;

   c. Failing to properly inspect and maintain the installed plumbing system at the Subject Property; and

   d. Failing to take reasonable precautionary measures in avoiding foreseeable damage to the Subject Property damage due to pipe breakage.

25. As a direct and proximate result of Jorda Mechanical's breach of its duty to properly install and/or design the PCV pipe, Insured sustained significant and extensive property damage to the Subject Property.

26. No fault can be attributed to QBE for the property damage sustained by the Insured.

27. Further, as a direct and proximate result of Jorda Mechanical's negligent or tortious act, QBE was legally obligated to pay and did pay Insured a total of $3,028,446.40.

WHEREFORE, the Plaintiff, QBE Insurance Corporation a/s/o Brickell Bay Plaza, LLC, demands judgment incurred as a result of Defendant's, Jorda Enterprises, Inc. d/b/a Jorda Mechanical Contractors, negligent or tortious actions or inactions, and any such further relief as the Court deems just and proper.

## COUNT II
## EQUITABLE SUBROGATION

28. The Plaintiff realleges and reaffirms Paragraphs 1 through 18 above, as though fully set forth herein.

29. Pursuant to their policy with Insured, Underwriters paid the Insured's claim for property damage to the Subject Property which was caused by Defendant Jorda Mechanical.

30. Such payment was made to protect QBE's business and legal interests, not as a volunteer.

31. QBE only became obligated to pay Insured under the policy as a direct or indirect result of Jorda Mechanical's negligent or tortious actions or inactions.

32. QBE paid the entire amount of the Insured's claim associated with Defendant's negligent or tortious actions or inactions, and Insured released its rights against Jorda Mechanical. (See Ex. B).

33. QBE now stands in the shoes of Insured and are entitled to subrogation for the payments made to Insured as a result of Jorda Mechanical's negligent or tortious actions or inactions.

34. Subrogation would not work any injustice to the rights of a third party.

WHEREFORE, the Plaintiff, QBE Insurance Corporation a/s/o Brickell Bay Plaza, LLC, demands judgment incurred as a result of Defendant's, Jorda Enterprises, Inc. d/b/a Jorda Mechanical Contractors, negligent or tortious actions or inactions, and any such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff, QBE INSURANCE CORP., hereby demands trial by jury for all matters so triable as of right by a jury.

Dated April 7, 2010

Respectfully submitted,

BERK, MERCHANT & SIMS, PLC

_____
Melissa M. Sims, Esq.
Florida Bar No. 85936
Sokraya M. Solages
Florida Bar No.: 568856
2100 Ponce de Leon Blvd.
Coral Gables, Florida, 33134