UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-21107-CIV-GOLD/GOODMAN

QBE INSURANCE CORPORATION,

    Plaintiffs,

v.

JORDA ENTERPRISES, INC.,

    Defendant.

_____

## ORDER GRANTING IN PART AND

## DENYING IN PART DEFENDANT'S MOTION TO COMPEL

This cause is before me on Defendant's Motion to Compel complete answers to interrogatories. (DE# 47.) Plaintiff responded on August 3, 2011, and Defendant filed a Notice of Supplemental Authority on August 24, 2011. (DE# 50; DE# 54.) The Court held a hearing on Defendant's motion on August 26, 2011. (DE# 55.) After reviewing the filings and considering the parties' oral argument at the hearing, the Court grants Defendant's motion in part and denies it in part, as described below.[1]

### I.    Interrogatory Number 1

The motion is granted as to interrogatory number 1. Plaintiff must provide a more complete answer to this interrogatory within two weeks, as discussed on the record.

### II.    Interrogatory Number 3

The motion is granted as to interrogatory number 3. Plaintiff must provide a more complete answer to this interrogatory within two weeks, as discussed on the record. If the

---

[1] Any interrogatory not discussed in this order either was not at issue in the motion or at the hearing Defendant's counsel noted it was no longer at issue.

response to this interrogatory is truly identical to the response to interrogatory number 1, then Plaintiff may indicate so and need not repeat the response in full.

### III. Interrogatory Number 4

The motion is denied as to interrogatory number 4 because, among other reasons stated on the record, it appears the parties have equal access to these documents.

### IV. Interrogatory Number 5

The motion is granted as to interrogatory number 5. Plaintiff must provide a more complete answer, focusing specifically on the repairs done to correct Defendant's work, within two weeks, as discussed on the record.

### V. Interrogatory Number 6

The motion is granted in part as to interrogatory number 6. At the hearing, the parties discussed the possibility that Plaintiff's former attorney, Mark Dixon, may have taken statements from individuals not previously disclosed to Defendant. Plaintiff's counsel said she was currently trying to obtain Mr. Dixon's file but that she has been unable to successfully contact Mr. Dixon yet. Plaintiff is therefore ordered to continue its attempts to contact Mr. Dixon and to obtain his file. If Plaintiff or its counsel is still unable to obtain the file from Mr. Dixon after two weeks, then counsel must file an affidavit outlining the efforts she and her client made to obtain the file, why their efforts were frustrated, and what additional steps Plaintiff intends to take to obtain the file.

### VI. Interrogatory Number 8

The motion is granted in part as to interrogatory number 8 to the extent that Plaintiff must identify the applicable statutes on which its claims are based within two weeks.

### VII.  Interrogatory Number 9

The motion is granted as to interrogatory number 9. It is Plaintiff's burden to attempt to obtain this information because Plaintiff brought this lawsuit and stands in the shoes of its insured. Plaintiff must provide a more complete answer to this interrogatory within two weeks. If Plaintiff is unable to obtain any relevant, discoverable, and responsive information for whatever reason (e.g., noncooperation from the insured), then Plaintiff's response will describe these reasons.

### VIII.  Interrogatory Number 10

The motion is granted as to interrogatory number 10. Plaintiff must provide a more complete answer to this interrogatory within two weeks, including factual information about who Plaintiff believes was responsible for each of the eight factors referenced in this interrogatory. Plaintiff does not need to assign a specific fault percentage to each person or entity identified, however.

### IX.  Interrogatory Number 11

The motion is denied as to interrogatory number 11 for the reasons stated on the record.

### X.  Interrogatory Number 12

The motion is granted as to interrogatory number 12. Plaintiff's insured previously agreed to the dismissal with prejudice of Defendant in a different lawsuit and Defendant is entitled to know why Plaintiff believes Defendant is still liable to Plaintiff. Plaintiff must provide a succinct explanation within four weeks.

### XI.  Interrogatory Number 13

The motion is granted as to interrogatory number 13. Plaintiff must provide a more complete answer to this interrogatory within two weeks, as discussed on the record.

### XII.   Interrogatory Number 15

The motion is denied as to interrogatory number 15. The interrogatory as phrased does not request the information defense counsel stated at the hearing that he intended to request. Defendant may, however, submit a revised interrogatory within two weeks and Plaintiff must respond to the revised interrogatory within thirty days.

### XIII.   Interrogatory Number 17

The motion is denied as to interrogatory number 17 for the reasons stated on the record.

### XIV.   Other Issues

Defense counsel raised a concern that Plaintiff listed new witnesses in its witness list whom Plaintiff did not list in its initial Rule 26 disclosures. Plaintiff must update and serve revised disclosures, including any new witnesses, within two weeks.

Defense counsel also raised the issue of Plaintiff's failure to respond to Defendant's request for a Rule 26(f) electronic discovery conference. Defense counsel stated he previously made multiple requests. Plaintiff's counsel stated that she was unaware of these requests. Plaintiff is ordered to respond to any future request for such a conference within one week. The actual electronic discovery conference itself does not necessarily have to occur that week. In addition, if defense counsel did in fact previously request such a conference, Plaintiff's counsel must respond to those previous requests by no later than Friday, September 2, 2011.

### XV.   Cost-Shifting Under Federal Rule of Civil Procedure 37

Defense counsel requested at the hearing that the Court award his client its reasonable expenses, including attorneys fees, incurred in bringing the motion to compel. The Court indicated at that time that it was taking the issue of Rule 37 cost-shifting under advisement.

The Court finds that many of Plaintiff's objections were substantially justified. For instance, Plaintiff has no obligation to identify Rule 36(b) witnesses and bind itself to only these witnesses in advance of the taking of these depositions or even receipt of a deposition notice. But the Court also finds that some objections were not substantially justified.

In particular, the Court is especially concerned with Plaintiff's apparently minimal efforts to obtain the files of its previous attorney, Mark Dixon. At the hearing, it appeared that all Plaintiff's counsel knew was that she asked her paralegal to track down Mr. Dixon and that the paralegal may have called Mr. Dixon. But Plaintiff's counsel had little else other to offer except that these efforts, whatever they were, were unsuccessful. This lawsuit was filed almost a year and a half ago and Plaintiff should have either obtained the file by now or had more information available about the status of the file – especially because it is the party who chose to file the lawsuit in the first place. The Court is also concerned with Plaintiff's lack of effort in obtaining information responsive to interrogatory number 9. The Court understands that QBE is pursuing this lawsuit as a subrogation case and therefore needs to obtain information from its insured, who has already received payment on the policy. Nevertheless, QBE conceded at the hearing that it is obligated to obtain information from its insured.

Though the Court is obligated under Rule 37 to impose some cost-shifting as a result of these findings, the Court believes that, under the circumstances, the cost-shifting should be minimal. A few of *Defendant's* positions were not particularly well taken. But on balance, Plaintiff's incomplete preparation and its initially incorrect legal arguments (in its written response) outweigh[2] those portions of the motion to compel which were denied.[3] Plaintiff is

---

[2] Federal Rule of Civil Procedure 37(a)(5)(C) authorizes the court to "apportion" the reasonable expenses when the motion is granted in part and denied in part. The Court has done that here.

thereby ordered to reimburse Defendant $400 in expenses,[4] to be paid within 10 days of entry of this Order.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 29th day of August, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan S. Gold

All counsel of record

---

[3]     In its opposition to the motion to compel, Plaintiff took the position that a privilege log "is not required" and need not be prepared because a log is required only for an objection to a document request, not an interrogatory. (DE# 50, p. 2, n. 2.) The Local Rules, of course, provide to the contrary and Plaintiff conceded the point at the hearing, in response to questions from the Court. Likewise, Plaintiff's written objection appeared to take the position that contention interrogatories are improper. At the hearing, however, Plaintiff conceded that contention interrogatories are not *per se* unavailable. Instead, Plaintiff noted that they would be premature until additional discovery unfolds in the case. Nevertheless, Plaintiff's position caused Defendant to research and file a notice of supplemental authority that included cases supporting the permissibility of contention interrogatories.

[4]     The federal rule does not require a bad faith finding to justify an expense award, and the Court makes no such finding. Instead, the rule requires an expense award as a cost-shifting mechanism associated with discovery motions. The rule provides certain limited safety valve exceptions but those do not apply for many of the Plaintiff's objections. Thus, this order is not a disciplinary sanction. Rather, it is simply an apportioned expense award entered against a party because the rule requires entry of an award in favor of a party prevailing on a discovery motion.