UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-21107 CIV-GOLD

QBE INSURANCE CORPORATION, )
a/s/o BRICKELL BAY PLAZA, L.L.C. )
as Assignee of the Club at Brickell )
Bay Plaza Condominium Association, )
Inc., )
      Plaintiff, )
v. )
 )
JORDA ENTERPRISES, INC. )
d/b/a JORDA MECHANICAL )
CONTRACTORS, )
 )
      Defendant. )

## MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH RULE 30(b)(6)

Defendant JORDA ENTERPRISES, INC. ("Jorda"), pursuant to Fed. R. Civ. P. 37 and S.D. Fla. L.R. 26.1, moves for sanctions against Plaintiff QBE INSURANCE CORPORATION ("QBE") for its failure to comply with Fed. R. Civ. P. 30(b)(6). Despite Jorda's good faith efforts,[1] QBE has failed and refused to produce a Rule 30(b)(6) designee who is adequately educated and prepared to testify on designated topics, and should therefore be precluded from presenting testimony at trial on the subject matters for which it was unable to provide knowledgeable and specific responses.

### I. INTRODUCTION

QBE filed this lawsuit against Jorda for equitable subrogation "as a result of Jorda Mechanical's negligent or tortious actions or inactions." Complaint, ¶33 [DE 1]. On October 17, 2011, Jorda served QBE with a Re-Notice of Taking Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) ("Notice"). A copy of the Notice is attached as Exhibit "C". The Notice required QBE to produce the individuals with knowledge regarding enumerated topics identified in the Notice. On November 14, 2011, QBE produced Timothy Edward O'Brien, the Senior Claims Representative for Florida Intracoastal Underwriters, for deposition. At Mr. O'Brien's deposition, QBE's counsel for the first time indicated to Jorda (and Mr. O'Brien testified) that

---

[1] *See* Chronology and Summary of Good Faith Efforts and Written Communications to QBE's counsel attached as Exhibit "A," and Correspondence to QBE's counsel attached as Composite Exhibit "B".

Mr. O'Brien was not the proper person to testify on behalf of QBE on the matters designated by paragraphs 1, 2, 3, 5, 7, 8 and additional matters on pages 6-10 numbered 1-35 inclusive of the Notice. The Deposition of Timothy O'Brien has been contemporaneously filed. [D.E. 69]. Attached as Exhibit "D" are references to portions of the deposition where Mr. O'Brien testified he could not provide testimony on the matters designated in the Notice. Counsel for QBE promised to designate and produce another witness to testify concerning these paragraphs. Jorda repeatedly requested that QBE produce another Rule 30(b)(6) witness, but was never provided with the identity of any witness. Instead, after stating it would provide "a name" on November 21, 2011, QBE never did, but on November 22, 2011 QBE instructed Jorda to "Please go ahead and notice the 30(b)(6) of the Club and we will produce a witness." Without waiving any objection to QBE's failure to comply with its discovery obligations, Jorda again noticed QBE for deposition pursuant to Rule 30(b)(6). A copy of the Re-Re-Notice of Taking Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) ("Re-Notice") is attached as Exhibit "E". On the Friday before the Monday deposition, QBE's counsel still had not identified QBE's witness, and for the first time an attorney representing QBE's insured suggested that QBE would not be able to produce a representative for the scheduled deposition. See attached Exhibit "F". QBE's counsel appeared at the deposition, but no witness was produced. A copy of a Certificate of Non-Appearance is attached as Exhibit "G". A detailed chronology of Jorda's six month effort to obtain a 30(b)(6) deposition from QBE, and QBE's failure to comply with its obligation is attached as Exhibit "A".

QBE has had a pattern of obstructing Jorda's discovery efforts in this case -- by not providing its mandatory disclosures, by providing incomplete and evasive answers to interrogatories and document requests -- and now, by failing to provide a knowledgeable representative as required under Rule 30(b)(6). Because of the numerous different and complex issues in this action and the shortness of time remaining until the close of discovery on December 30, 2011, Jorda has been severely prejudiced by QBE's delay tactics and its outright refusal to cooperate in discovery, a result that should not be tolerated by this Court. Each of the matters designated in the Notice are vital to Jorda's defenses, and are matters within the sole control of QBE or its insured who have each failed to preserve and spoliated both evidence and witnesses. Accordingly, Jorda respectfully requests that the Court impose Rule 37(d) sanctions,

and preclude QBE from calling any witness at trial to testify on the subject matters for which its Rule 30(b)(6) representative failed to provide responses.

## II.     The Failure To Provide A Knowledgeable Corporate Witness Is Sanctionable.

When proceeding under Rule 30(b)(6) of the Federal Rules of Civil Procedure, the party seeking a deposition of a corporation "must designate the areas of inquiry with reasonable particularity." *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996); *Fox v. Morris Jupiter Associates*, 2007 WL 2819525, * 2 (S.D.Fla. Sept. 25, 2007). Once served with the deposition notice under Rule 30(b)(6), the party being deposed is required to produce one or more witnesses knowledgeable about the subject matter of the noticed topics. *See Fox*, 2007 WL 2819525 at * 2 (*quoting King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D.Fla. 1995)) ("Once noticed, the party being deposed is obligated 'to provide a witness who can answer questions regarding the subject matter listed in the notice.'").

The testimony of the person designated by the corporation "represents the knowledge of the corporation, not of the individual deponents." *Taylor*, 166 F.R.D. at 361; *Fox*, 2007 WL 2819525 at * 2; *see also Great American Ins. Co. v. Vegas Constr. Co., Inc.*, 251 F.R.D. 534, 538 (D.Nev. 2008) ("A corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide 'binding answers on behalf of the corporation.'"). "[A] corporation has 'a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully and unevasively answer questions about the designated subject matter.'" *Great American Ins. Co.*, 251 F.R.D. at 539 (citation omitted). "By its very nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity." *Alliance v. District of Columbia*, 437 F.Supp.2d 32, 37 (D.D.C. 2006). The fact that a corporation no longer has a person with knowledge on the designated topics does not relieve it of the duty to prepare a Rule 30(b)(6) designee. *See Great American Ins. Co.*, 251 F.R.D. at 539; *Taylor*, 166 F.R.D. at 361 ("These problems do not relieve a corporation from preparing its Rule 30(b)(6) designee . . .whether from documents, past employees, or other sources.").

The failure to produce a Rule 30(b)(6) witness who is adequately educated and prepared to testify on designated topics to bind the corporation is sanctionable under Rule 37(d). *See Fox*, 2007 WL 2819525 at *2 (*quoting* Fed.R.Civ.P. 37(d)); *see also Black Horse Lane Assoc. v. Dow*

3

*Chem. Corp.*, 228 F.3d 275, 302 (3d Cir. 2000); *Great American Ins. Co.*, 251 F.R.D. at 542. The "*Resolution Trust* rule" provides: "When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through the agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." *Fox*, 2007 WL 2819525 at *2 (*quoting Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993)); *see also Black Horse*, 228 F.3d at 304 (citations omitted) ("In reality if a Rule 30(b)(6) witness is unable to give useful information he is no more present for the deposition than would be a deponent who physically appears for the deposition but sleeps through it. Indeed, we believe that the purpose behind Rule 30(b)(6) undoubtedly is frustrated in the situation in which a corporate party produces a witness who is unable and/or unwilling to provide the necessary factual information on the entity's behalf."); *The Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (citation omitted) ("'Producing an unprepared witness is tantamount to a failure to appear.'"); *Taylor*, 166 F.R.D. at 363 (same). In the instant case, QBE has previously claimed a lack of cooperation from its insured, and the Court has made it clear this is no excuse. Although such a lack of cooperation is between QBE and its insured, and cannot be permitted to prejudice Jorda, Mr. O'Brien himself admitted conducting no investigation whatsoever. Thus QBE failed to make any effort, let alone a good faith one to learn the information itself. O'Brien Deposition at 25:22; 27:1, 6, 16, 21; 28:3; 83:16; 112:21; 129:11; 131:17-132:12; 170:22; 171:14-172:19; 175:16-176:7: 187:11-19; 241:12-23.

Importantly, the Court is <u>not</u> required to issue an order compelling production of the proper deponent prior to imposing sanctions under Rule 37(d). *See Fox*, 2007 WL 2819525 at *2 n. 2; *see also Black Horse*, 228 F.3d at 302 ("Initially, we point out that unlike subdivision (b) of Rule 37, on its face subdivision (d) does not require the court, prior to imposing sanctions, to have issued an order compelling discovery."). It should be obvious from the chronology that QBE was given ample opportunity to do so, and completely failed in its responsibility.

**III.    QBE Should Be Precluded from Presenting Testimony at Trial on the Subject Matters Which Its Rule 30(B)(6) Designee Was Unable to Provide Responses.**

Since September 8, 2011 Jorda provided more than two months and adequate notice to QBE of the topics of inquiry for the Rule 30(b)(6) deposition. By producing Mr. O'Brien, who

4

admitted that he knew nothing about the matters designated by paragraphs 1, 2, 3, 5, 7, 8 and 1-35 inclusive on pages 6-10 of the Notice, QBE effectively "failed to appear" for the November 14, 2011 deposition pursuant Rule 30(b)(6). Moreover, QBE outright failed to produce any witness for the rescheduled deposition on December 12, 2011, after QBE instructed Jorda to schedule it on the promise of producing a witness, and has no excuse for its failure to produce a designee adequately educated and prepared to testify. QBE's conduct is subject to sanctions.

Courts have imposed a variety of sanctions under Rule 37(d) for the failure to produce an adequately prepared Rule 30(b)(6) deponent, including limiting the testimony of a designated witness. *See e.g.*, *Black Horse*, 228 F.3d at 304 (magistrate judge's sanctions order was properly entered pursuant to Rule 37(d), which precluded the designating party from asserting a position and introducing evidence at trial which differed from the testimony of its Rule 30(b)(6) witness and imposed monetary sanctions for the costs and attorneys' fees associated with taking the deposition and bringing the sanctions motion); *Reilly v. Natwest Markets Group, Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) (district court did not abuse its discretion in precluding two witnesses from testifying on subject matters for which a Rule 30(b)(6) designee was unable to provide knowledgeable and specific responses); *see also S.E.C. v. Utsick*, 373 Fed.Appx. 924 (11th Cir. 2010) (striking securities issuer's pleadings, awarding attorney fees and costs incurred in attempting to take his deposition, and prohibiting him from testifying at hearing on SEC's final judgment motion was warranted); *U.S. v. $343,726.60*, 271 Fed.Appx. 972 (11th Cir. 2008) (claim in civil forfeiture proceeding was properly dismissed, where claimant refused to appear for deposition after being properly noticed).

Jorda has been severely prejudiced by QBE's conduct. The discovery cutoff is December 30, 2011, and QBE has not produced an adequately educated and prepared corporate witness to testify on numerous designated topics. After months and repeated requests that QBE produce a Rule 30(b)(6) witness for deposition, QBE produced Mr. O'Brien who admittedly could not testify on many of the items specified in the Notice, and made no effort to educate himself to do so.

**IV.   CONCLUSION**

QBE has either ignored or refused to comply with the requirements of Rule 30(b)(6) and should therefore be precluded from offering any testimony at trial on the subject matters for which its Rule 30(B)(6) designee was unable or unwilling to provide knowledgeable and specific

5

responses.  For the foregoing reasons Jorda respectfully requests the Court enter an order granting this motion and sanctioning QBE for their willful failure to produce a Rule 30(b)(6) designee who is adequately educated and prepared to testify.  Jorda further requests that the Court order QBE to pay Jorda's attorneys' fees and expenses for the November 14, 2011 and December 12, 2011 depositions and for filing this motion for sanctions.

Respectfully submitted this 22d day of December, 2011.

           **DUANE MORRIS LLP**
           1180 West Peachtree Street, Suite 700
           Atlanta, Georgia  30309-3448
           Telephone: 404.253.6900
           Facsimile: 404.253.6901

           s/ Steven D. Ginsburg
           Steven D. Ginsburg
           Florida Bar No.:  218723
           E-mail: sdginsburg@duanemorris.com

           Warren D. Zaffuto, Esq.
           Florida Bar No. 0743461
           **DUANE MORRIS, LLP**
           200 South Biscayne Boulevard
           Wachovia Financial Center, Suite 3400
           Miami, Florida  33131
           Telephone:  305.960.2200
           Facsimile:   305.397.2536
           E-mail:  wdzaffuto@duanemorris.com

*Counsel for Defendant, Jorda Enterprises, Inc. d/b/a Jorda Mechanical Contractors*

## CERTIFICATION OF COUNSEL

Jorda's counsel certifies that a bona fide good faith effort to agree or to narrow the issues on the motion noticed has been made with opposing counsel. Substantive conversations by telephone on September 22, 2011, correspondence and e-mail with Plaintiff's counsel occurred as reflected in Composite Exhibit "B".

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was electronically filed this 22d day of December, 2011 using the CM/ECF system, and the court will send notice of such filing to all counsel of record using the CM/ECF system.

                                                s/ Steven D. Ginsburg
                                                Steven D. Ginsburg