# EXHIBIT A

<u>Chronology and Summary of Good Faith Efforts and Written Communications</u>

| | |
|---|---|
| June 13, 2011 | Jorda advised QBE of deficient Rule 26 disclosures and requested same advising QBE it was requesting discussion of a deposition schedule with QBE |
| July 5, 2011 | Jorda wrote QBE to follow up on request for the Rule 26 disclosures |
| August 3, 2011 | Jorda wrote QBE to follow up on request for the Rule 26 disclosures |
| September 8, 2011 | Jorda noticed a 30(b)(6) deposition of QBE, footnoting that it would work with QBE on reasonable scheduling |
| September 13, 2011 | Jorda again offered to reschedule the 30(b)(6) deposition of QBE and requested that QBE address continued deficiencies in its interrogatory answers and Rule 26 disclosures |
| September 22, 2011 | Jorda requested QBE respond to a written confirmation of a meet and confer on outstanding discovery issues, including electronic discovery and QBE's 30(b)(6) deposition. QBE did not respond. |
| September 28, 2011 | Jorda again requested QBE to provide alternate dates for the 30(b)(6) deposition |
| October 5, 2011 | Jorda inquired when QBE would provide dates for rescheduling the 30(b)(6) deposition noting that it should not have taken 30 days for QBE to do so |
| October 12, 2011 | Jorda advised QBE "It is now mid-October, more than two months since the Magistrate's hearing and our trying to get deposition dates. With only 2 months left before the discovery cut-off including two major holiday periods, Jorda can no longer afford QBE's delays." QBE responded promising to provide dates this week. |
| October 17, 2011 | Jorda upon the agreement of QBE serves Re-Notice of Taking Deposition Pursuant To Fed. R. Civ. P. 30(b)(6) and other notices of taking depositions |
| October 19, 2011 | After QBE attempts to reschedule depositions, Jorda reminds QBE of its agreement to work with designated dates provided, and again reminds QBE it is waiting for QBE to designate its 30(b)(6) witnesses so that Jorda can prepare for the deposition |
| November 14, 2011 | Deposition of QBE 30(b)(6) |
| November 21, 2011 | Jorda notifies QBE that although Mr. O'Brien disclaimed any knowledge on the vast majority of the designated matters for examination, and QBE's counsel claimed she was now obtaining the name of an additional witness who would testify for QBE on matters relating to The Club at Brickell Bay Condominium |

|  |  |
|---|---|
|  | Association, Inc.  QBE has still not provided such a person, nor dates for the continued deposition. |
| November 22, 2011 | QBE responds that it is "still waiting on a name.  Please go ahead and notice the 30(b)(6) of the Club and we will produce a witness." |
| November 27, 2011 | After QBE provides available dates , Jorda again requests that QBE "designate the witness by identifying the person who will appear." |
| November 30, 2011 | Jorda again requests identification of the 30(b)(6) witness to plan the time needed for the deposition.  QBE represents "The corporate representative will be a current Board member.  We provided dates and you can send notice as corporate representative."  Jorda requests confirmation that the "current board member" will be knowledgeable about relevant facts and "able to provide meaningful testimony on that[1] as well as each of the numbered items in the Re-Notice which Mr. O'Brien testified he had no knowledge of."  QBE does not respond. |
| December 6, 2011 | Re-Re-Notice of Taking Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) for QBE Insurance Corporation.  Jorda advises QBE it is "using the only date that you provided and instructed me to re-notice QBE's deposition for in the hopes that you will identify the witness(es) as I have repeatedly requested.   … Please be advised that I am also booking airplane travel today for this purpose, so if there is still some problem between QBE and its insured in producing a qualified witness, let me know before I spend the money on the plane ticket." |
| December 6, 2011 | Counsel for QBE's insured, the Condominium Association, advises that "The insured has not agreed to attend any deposition."  QBE suggests that Jorda assist by serving a subpoena.  Jorda responds "Jorda is not required to subpoena a QBE 30(b)(6) deponent (who under the rule must consent to testify on behalf of QBE).  I really hope (and repeat once more) that QBE is not wasting Jorda's time or expense in this effort by producing a witness who has no knowledge on the designated areas." |
| December 9, 2011 | Jorda requests confirmation concerning the 30(b)(6) continued deposition proceeding.  QBE does not respond. |
| December 12, 2011 | Jorda attends QBE's continued 30(b)(6) deposition.  A Certificate of Non-appearance is issued upon no witness appearing on behalf of QBE. |

---

[1] This refers to an example provided by Jorda of the subjects listed in the 30(b)(6) notice: "among the critical issues in this case, as you well know, are the circumstances involving the 2008 settlement agreement."