# EXHIBIT B

## Ginsburg, Steven D.

| | |
|---|---|
| **From:** | Ginsburg, Steven D. |
| **Sent:** | Tuesday, December 06, 2011 3:15 PM |
| **To:** | 'Anthony Garrett'; 'Sorraya Solages'; Zaffuto, Warren D. |
| **Cc:** | Melissa McMillan Sims; Geraldine K. Rodriguez |
| **Subject:** | RE: QBE v. Jorda - Depositions of QBE and S. Siegei |
| **Attachments:** | RE: QBE v. Jorda - Discovery Issues; RE: QBE v. Jorda - Deposition of QBE 30(b)(6) |

**Importance:**     High

Thanks for the heads up Tony,

Attached are the last two communications I received from QBE's counsel which indicated otherwise.  I leave it to you and them to work out any differences between you.

Steve

Steven D. Ginsburg
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Anthony Garrett [mailto:Anthony@hsmattys.com]
**Sent:** Tuesday, December 06, 2011 3:07 PM
**To:** 'Sorraya Solages'; Ginsburg, Steven D.; Zaffuto, Warren D.
**Cc:** Melissa McMillan Sims; Geraldine K. Rodriguez
**Subject:** QBE v. Jorda - Depositions of QBE and S. Siegei

Steve,

The insured has not agreed to attend any deposition.

Anthony R. Garrett, Esq.
Hyman Spector & Mars LLP
Museum Tower Building
150 W. Flagler Street, Suite 2701
Miami, Florida 33130
Phone:  305.371.4244
Facsimile:  305.371.5930
E-Mail:  anthony@hsmattys.com

**From:** Ginsburg, Steven D. <SDGinsburg@duanemorris.com>
**To:** Melissa McMillan Sims; Sorraya Solages
**Cc:** Daisy Alvarez; Geraldine K. Rodriguez; Gilberto Barreto; Zaffuto, Warren D. <WDZaffuto@duanemorris.com>;
Marriott, Dwight A. <DAMarriott@duanemorris.com>; Wagner, Jennifer P. <JPWagner@duanemorris.com>
**Sent:** Tue Dec 06 11:48:46 2011
**Subject:** QBE v. Jorda - Depositions of QBE and S. Siegel

Melissa and Sorraya-

Attached are a Re-Re-Notice of Taking Deposition Pursuant to Fed. R. Civ. P. 30(b)(6) for QBE Insurance Corporation and a Notice of Continuation of Deposition for Mr. Siegel.  I am using the only date that you provided and instructed me to re-notice QBE's deposition for in the hopes that you will identify the witness(es) as I have repeatedly requested.   You also never gave me another date for Mr. Siegel's deposition to be completed even though that was requested.   Please be advised that I am also booking airplane travel today for this purpose, so if there is still some problem between QBE and its insured in producing a qualified witness, let me know before I spend the money on the plane ticket.

Steve



**DuaneMorris**

www.duanemorris.com

Steven D. Ginsburg
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448

**P:** +1 404 253 6912
**F:** +1 404 745 0971

E-MAIL

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

## Ginsburg, Steven D.

| | |
|---|---|
| **From:** | Ginsburg, Steven D. |
| **Sent:** | Wednesday, November 30, 2011 12:39 PM |
| **To:** | Sorraya Solages; Melissa McMillan Sims |
| **Cc:** | Zaffuto, Warren D.; Marriott, Dwight A.; Gustavo A Rodriguez |
| **Subject:** | RE: QBE v. Jorda - Discovery Issues |

Thanks Sorraya,

Maybe I am not making myself understood. I cannot notice a corporate representative without knowing who that person is because either I will be covering the deposition myself or someone else will be depending upon who the witness is. As such, a date cannot be picked without consideration of travel and attendant costs (which costs were necessitated by QBE's complete failure to timely designate the witnesses as the rule required when the deposition was previously noticed and then taken but adjourned).

A further problem arises from your response which states that a current Board member will be the designee. The case law is very clear on this, and it should be understood that, "When a corporation or association designates a person to testify on its behalf, the corporation appears vicariously through the agent. If that agent is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness, then the appearance is, for all practical purposes, no appearance at all." Unless the current Board member is knowledgeable about the relevant facts as set forth in the prior Re-Notice of Taking Deposition the deposition will be a waste of time and the non-compliance is sanctionable. For example, among the critical issues in this case, as you well know, are the circumstances involving the 2008 settlement agreement. Please confirm that the designee will be able to provide meaningful testimony on that as well as each of the numbered items in the Re-Notice which Mr. O'Brien testified he had no knowledge of, and Melissa represented would be provided by another designee on behalf of QBE.

Tony has not been on jury duty for the past 6 months since my initial request for 30(b)(6) designees, and jury duty only occupies a part of the day. There is really no excuse for additional delay.

Please also provide dates to complete Sandford Siegel's deposition, and let me know why we have not received the $2,000 payment QBE agreed to pay to resolve the prior motion to compel.

**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Sorraya Solages [mailto:SSolages@berklawfirm.com]
**Sent:** Wednesday, November 30, 2011 11:33 AM
**To:** Ginsburg, Steven D.; Melissa McMillan Sims
**Cc:** Zaffuto, Warren D.; Marriott, Dwight A.; Gustavo A Rodriguez
**Subject:** RE: QBE v. Jorda - Discovery Issues

Steve,

We are awaiting a name from Tony who may still be in jury duty.  The corporate representative will be a current Board member.  We provided dates and you can send notice as corporate representative.

We will also confirm whether we have received any subpoenaed documents and send your way before Friday.

Thanks.

Sorraya

*Sorraya M. Solages, Esq.*
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Telephone:  786.338.2896
Facsimile:  786.364.0007
Email:  SSolages@berklawfirm.com
www.lawyers.com/berklawfirm
www.berklawfirm.blogspot.com

**From:** Ginsburg, Steven D. [mailto:SDGinsburg@duanemorris.com]
**Sent:** Wednesday, November 30, 2011 4:48 AM
**To:** Melissa McMillan Sims; Sorraya Solages
**Cc:** Zaffuto, Warren D.; Marriott, Dwight A.
**Subject:** QBE v. Jorda - Discovery Issues
**Importance:** High

Melissa and Sorraya,

Time is running very close and you still have not provided the identity of the 30(b)(6) witnesses QBE is designating from The Club at Brickell Bay Condominium Association and Brickell Bay Plaza.  Without their names I cannot determine the time needed and whether my travel plans must be made for the deposition.  This has severely prejudiced Jorda with approaching discovery and motion deadlines and I will have to file a motion this week in order to stay within the Court's ordered schedule.  We have conferred on this several times already, and Melissa's statements at Mr. O'Brien's deposition are clear on this.

Also, we have not received copies of any of the documents that QBE subpoenaed from 3 non-parties as was previously promised.  Again, please promptly advise if they will be delivered to us before this Friday, since there are depositions scheduled next week.

Thanks
Steve



## Ginsburg, Steven D.

| | |
|---|---|
| **From:** | Sorraya Solages <SSolages@berklawfirm.com> |
| **Sent:** | Wednesday, November 23, 2011 1:57 PM |
| **To:** | Ginsburg, Steven D.; Melissa McMillan Sims |
| **Cc:** | Zaffuto, Warren D.; Gilberto Barreto; Geraldine K. Rodriguez |
| **Subject:** | RE: QBE v. Jorda - Deposition of QBE 30(b)(6) |
| **Attachments:** | image001.jpg |

Steve,

It looks like Tony is available 12/8 or 12/12.  The best day for our office is 12/12, but we can make 12/8 work, if necessary.  Thanks.

Sorraya

*Sorraya M. Solages, Esq.*
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Telephone:  786.338.2896
Facsimile:  786.364.0007
Email:  SSolages@berklawfirm.com
www.lawyers.com/berklawfirm
www.berklawfirm.blogspot.com

**From:** Ginsburg, Steven D. [mailto:SDGinsburg@duanemorris.com]
**Sent:** Wednesday, November 23, 2011 8:05 AM
**To:** Melissa McMillan Sims; Sorraya Solages
**Cc:** Zaffuto, Warren D.
**Subject:** RE: QBE v. Jorda - Deposition of QBE 30(b)(6)

Melissa,

There is a pre-existing notice that QBE has failed to provide a witness for.  Jorda is not waiving or releasing any claims in that regard, and will work with you to resolve the matter without judicial intervention.  Once QBE designates the witness, and provides me with the witness's availability I can plan travel, which I imagine may now be expensive with the short notice and holidays upon us.  That too must be resolved.  The preferred dates would be December 8, 12, and 15.

Steve

**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

1

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Melissa McMillan Sims [mailto:MSims@berklawfirm.com]
**Sent:** Tuesday, November 22, 2011 6:30 PM
**To:** Ginsburg, Steven D.; Sorraya Solages
**Cc:** Zaffuto, Warren D.
**Subject:** RE: QBE v. Jorda - Deposition of QBE 30(b)(6)

Steve,

I am still waiting on a name. Please go ahead and notice the 30(b)(6) of the Club and we will produce a witness. What dates are you considering?

Melissa McMillan Sims
Berk, Merchant & Sims, PLC.
2 Alhambra Plaza
Suite 700
Coral Gables, Florida 33134
Tel. 786-338-2878
Fax 786-338-2888
msims@berklawfirm.com


THIS MESSAGE MAY BE CONFIDENTIAL AND PROTECTED BY WORK PRODUCT DOCTRINE OR ATTORNEY CLIENT PRIVILEGE. IF YOU RECEIVED IT IN ERROR PLEASE DELETE IT AND NOTIFY THE SENDER.



**From:** Ginsburg, Steven D. [mailto:SDGinsburg@duanemorris.com]
**Sent:** Monday, November 21, 2011 9:11 AM
**To:** Melissa McMillan Sims; Sorraya Solages
**Cc:** Zaffuto, Warren D.
**Subject:** QBE v. Jorda - Deposition of QBE 30(b)(6)

Melissa and Sorraya,

After months of my requesting that you provide in advance the names of any persons who QBE was designating as its 30(b)(6) deposition witnesses, QBE only identified and then produced last Monday, Tim O'Brien. During his deposition, and after Mr. O'Brien disclaimed any knowledge on the vast majority of the designated matters for examination, you told me for the first time that you were obtaining the name of an additional witness who would testify for QBE on matters relating to The Club at Brickell Bay Condominium Association, Inc. You have still not provided such a person, nor dates for the continued deposition. Please consider this my good faith effort to meet and confer in an attempt to resolve the completion of the deposition of QBE without need of court intervention. I am available to discuss this further, if necessary, through this Wednesday at 3 pm. With the discovery deadline now less than a practical month away, absent a prompt resolution, I will file a motion.

Steve



**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448

**P:** +1 404 253 6912
**F:** +1 404 745 0971

E-MAIL

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

## Ginsburg, Steven D.

| | |
|---|---|
| **From:** | Ginsburg, Steven D. |
| **Sent:** | Monday, October 31, 2011 4:25 PM |
| **To:** | Sorraya Solages |
| **Cc:** | Zaffuto, Warren D.; Wagner, Jennifer P.; Marriott, Dwight A.; Melissa McMillan Sims; Geraldine K. Rodriguez; Yami Dehombre |
| **Subject:** | RE: QBE v. Jorda |
| **Attachments:** | QBEMotiontoCompel2000Island.pdf |

Sorraya,

We are not dealing with non-parties.  These are employees, agents and representatives of QBE and its two assignors.  The following can be found in QBE's own motion to compel (attached):  "Plaintiff has a duty to make inquiry of its Board of Directors, employees and/or members and review necessary records to provide a meaningful response. "A party is required to make a reasonable investigation before responding to interrogatories and to answer interrogatories as fully as the information available to him will allow." *Calderon v. Tower Associates International, Inc.*, 1989 U.S. Dist. LEXIS 6501 (D. Or. 1989); and *Joyner v. Rex Corp.*, 2007 U.S. Dist. LEXIS 26364 (M.D. Fla. 2007)(Court granted defendant's motion to compel directing plaintiff and her attorney to engage in a reasonable investigation in order to determine the information sought in certain interrogatories because "[u]nder Rule 26(g), an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to her which are responsive to the discovery request").

The same legal principles can be found for Rule 26 Disclosures and your duties to supplement.  Moreover, for some of your condo association directors, they still own the units and are renting them.  The Association's public records make it very clear that the Association will have complete contact information for the unit owners.  It is obvious that QBE never verified the current addresses for its Condo Association directors when it served its Rule 26 Disclosures, and that is a no – no under Rule 11 (see cases cited in Jorda's prior motion to compel).  Another example of how easy QBE could have complied - where does the Association address its notices and assessment bills?

**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Sorraya Solages [mailto:SSolages@berklawfirm.com]
**Sent:** Monday, October 31, 2011 12:21 PM
**To:** Ginsburg, Steven D.
**Cc:** Zaffuto, Warren D.; Wagner, Jennifer P.; Marriott, Dwight A.; Melissa McMillan Sims; Geraldine K. Rodriguez; Yami Dehombre
**Subject:** RE: QBE v. Jorda

Steve,

We provided you with the last known addresses. Can you point to authority that states we have to hunt down non-parties' current addresses if different from the last known? Please advise. Thanks.

Sorraya

*Sorraya M. Solages, Esq.*
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Telephone: 786.338.2896
Facsimile: 786.364.0007
Email: SSolages@berklawfirm.com
www.lawyers.com/berklawfirm
www.berklawfirm.blogspot.com

**From:** Ginsburg, Steven D. [mailto:SDGinsburg@duanemorris.com]
**Sent:** Monday, October 31, 2011 8:14 AM
**To:** Sorraya Solages
**Cc:** Zaffuto, Warren D.; Wagner, Jennifer P.; Marriott, Dwight A.; Melissa McMillan Sims; Geraldine K. Rodriguez; Yami Dehombre
**Subject:** RE: QBE v. Jorda

I believe QBE has a responsibility to provide current addresses for its assignors and that QBE did not make sufficient inquiry earlier to avoid this problem. To be just asking the Association's counsel now – with 2 months left in the discovery period - is problematic for QBE

**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Sorraya Solages [mailto:SSolages@berklawfirm.com]
**Sent:** Monday, October 31, 2011 7:22 AM
**To:** Ginsburg, Steven D.
**Cc:** Zaffuto, Warren D.; Wagner, Jennifer P.; Marriott, Dwight A.; Melissa McMillan Sims; Geraldine K. Rodriguez; Yami Dehombre
**Subject:** Re: QBE v. Jorda

Those are the only addresses we have. Yami, please confirm. Thanks.

Sorraya

**From:** Ginsburg, Steven D. <SDGinsburg@duanemorris.com>
**To:** Sorraya Solages
**Cc:** Zaffuto, Warren D. <WDZaffuto@duanemorris.com>; Wagner, Jennifer P. <JPWagner@duanemorris.com>; Marriott,

Dwight A. <DAMarriott@duanemorris.com>; Melissa McMillan Sims; Geraldine K. Rodriguez; Yami Dehombre
**Sent:** Mon Oct 31 06:16:52 2011
**Subject:** RE: QBE v. Jorda

Sorraya,

We have sent out subpoenas for service, but you have given us several bad addresses.

Steve

**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Sorraya Solages [mailto:SSolages@berklawfirm.com]
**Sent:** Friday, October 28, 2011 11:22 AM
**To:** Ginsburg, Steven D.
**Cc:** Zaffuto, Warren D.; Wagner, Jennifer P.; Marriott, Dwight A.; Melissa McMillan Sims; Geraldine K. Rodriguez; Yami Dehombre
**Subject:** QBE v. Jorda

Steve,

You have noticed a number of people for deposition that are no longer on QBE's witness list.  Please advise if you will be going forward with those depositions.  Tony Garrett is in the process of determining whether any of those people are still directors.  He advises that they will need to be subpoenaed if you still wish to depose them.  Thanks.

Sorraya

*Sorraya M. Solages, Esq.*
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Telephone:  786.338.2896
Facsimile:  786.364.0007
Email:  SSolages@berklawfirm.com
www.lawyers.com/berklawfirm
www.berklawfirm.blogspot.com

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  11-20247-CIV-ALTONAGA/Simonton

2000 ISLAND BOULEVARD
CONDOMINIUM ASSOCIATION, INC.,

       Plaintiff,

v.

QBE INSURANCE CORPORATION,

       Defendant.

_____/

**DEFENDANT QBE INSURANCE CORPORATION'S
MOTION TO COMPEL ANSWERS TO INTERROGATORIES
AND INCORPORATED MEMORANDUM OF LAW**

The Defendant, QBE INSURANCE CORPORATION (hereinafter "QBE"), by and through the undersigned counsel, hereby files this Motion to Compel Answers to Interrogatories and Incorporated Memorandum of Law, and states as follows:

1.    This is an action for breach of contract brought by a condominium association against its commercial property insurer seeking to recover nearly ten million dollars for alleged property damage from Hurricane Wilma.  QBE has asserted that the claim includes repair or replacement of building components that were not damaged by the hurricanes.  QBE has also asserted policy exclusions for wear and tear, deterioration, or defective construction or maintenance.  The issues in this case include, *inter alia*, the following: (1) The nature and extent of damages legitimately caused by Hurricane Wilma; (2) The reasonable cost of repairing and/or replacing building components legitimately damaged by the hurricane; (3) The extent to which damages Plaintiff seeks to recover pre-existed the hurricanes and/or were caused by unrelated causes such as wear and tear and deterioration or faulty construction or maintenance, which are excluded causes of loss under the policy.

2.      On April 14, 2011, Defendant propounded its Second[1] Set of Interrogatories to Plaintiff requesting, *inter alia*, information regarding the basis of Plaintiff's insurance claim, the nature and location of various alleged damages, and names and addresses of witnesses expected to have information regarding the alleged hurricane damages as well as the pre-existing condition of the building. *Defendant's Second Set of Interrogatories to Plaintiff is attached as Exhibit "A."*

3.      Plaintiff responded to the Interrogatories on May 20, 2011.  *Plaintiff's Answers to Interrogatories are attached as Exhibit "B."*  However, despite having thirty-six (36) days to prepare its responses, Plaintiff objected to one of the Interrogatories and failed to fully and sufficiently respond to several of the other Interrogatories.

4.      Specifically, Plaintiff failed to disclose how the building components were allegedly damaged, whether the allegedly damaged building components were repaired/replaced, who repaired/replaced the building components, and the date or cost of the repair/replacement.  Plaintiff also failed to disclose the age or describe the condition of the building components prior to the hurricane.  Plaintiff also failed to disclose "whether there were any plans or discussions of repairing or replacing the…building components prior to Hurricane Wilma" and, if so, to disclose "the reasons for such plans or discussions" and to "identify all persons involved in such plans or discussions."

5.      Further, Plaintiff failed to provide names and addresses of unit owners, management personnel and maintenance personnel expected to have relevant information pertaining to material issues in this case.

6.      Additionally, Plaintiff failed to describe the activities of persons who inspected or evaluated the property for damage, or to describe the areas inspected by such persons.  Instead, Plaintiff refers to reports which have not yet been produced.

---

[1] QBE previously served an initial set of brief jurisdictional Interrogatories for the sole purpose of establishing its right to remove the case to federal court.

7.     Accordingly, Plaintiff should be compelled to provide answers or better answers to Interrogatories 2, 5 and 7.

## **MEMORANDUM OF LAW**

The Interrogatories, responses and argument in support of this Motion to Compel are set forth below.

### **Defendant's Interrogatory No. 2(a-g):**

2.  Please state the following regarding each building component (e.g. windows, sliding glass doors, roof, interior sheetrock/drywall, elevators, ceilings, etc.) included in Plaintiff's claim to QBE:

a.  Describe specifically and in detail how the aforementioned building components were damaged;

b.  State whether each of the aforementioned building components have been replaced or repaired;

c.  List the names and addresses of the persons and companies who repaired or replaced the building components;

d.  State the date(s) of the repair/replacement as to each building component;

e.  State the cost of repair or replacement as to each building component that has been repaired or replaced;

f.  State the age and condition of the building components prior to Hurricane Wilma, including a description of any pre-existing damage or repairs to the building components;

g.  State whether there were any plans or discussions of repairing or replacing the aforementioned building components prior to Hurricane Wilma and, if so, state the reasons for such plans or discussions, and identify all persons involved in such plans or discussions.

### **Plaintiff's Answer to Interrogatory No. 2(a-g):**

In response to Interrogatory No. 2(a-g), Plaintiff stated:

See damage estimate and documents at Bates Stamp document numbers 2000 Island 1-251.

### **Argument in Support of Motion to Compel as to Interrogatory No. 2(a-g):**

Plaintiff's response to Interrogatory No. 2(a) is insufficient as it fails to "describe specifically and in detail" how the referenced building components were damaged.   In this lawsuit, Plaintiff seeks to compel QBE to pay for replacement of 100 percent of all

windows and sliding glass doors in Plaintiff's building totaling in excess of seven (7) million dollars. In addition, Plaintiff seeks replacement of its roof and porte cochere, as well as expenses for stucco repairs and exterior painting. Accordingly, Plaintiff should be compelled to identify which windows and doors or other building components Plaintiff contends were damaged and describe the nature of the damage.

Plaintiff has a duty to make inquiry of its Board of Directors, employees and/or members and review necessary records to provide a meaningful response. "A party is required to make a reasonable investigation before responding to interrogatories and to answer interrogatories as fully as the information available to him will allow." Calderon v. Tower Associates International, Inc., 1989 U.S. Dist. LEXIS 6501 (D. Or. 1989); and Joyner v. Rex Corp., 2007 U.S. Dist. LEXIS 26364 (M.D. Fla. 2007)(Court granted defendant's motion to compel directing plaintiff and her attorney to engage in a reasonable investigation in order to determine the information sought in certain interrogatories because "[u]nder Rule 26(g), an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to her which are responsive to the discovery request").

Federal Rule of Civil Procedure 33(d) permits a party to answer an interrogatory by referring the opposing party to documents in certain circumstances. Specifically, an answer referring to documents is appropriate for "requests requiring compilation or analysis, accomplished as easily by one party as another, or where neither side has clear superiority of knowledge or familiarity with the documents." Ayers v. Continental Casualty Co., 2007 U.S. Dist. LEXIS 1520 (N.D. W.V. 2007); and Morock v. Chautauqua Airlines, Inc., 2007 U.S. Dist. LEXIS 88532 (M.D. Fla. 2007)("Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents"). However, it is inappropriate to refer to documents where the interrogatory calls for "the exercise of particular knowledge and judgment on the part of the responding party," in which case the responding party must fully answer the interrogatory, as an opposing party is "entitled to know the factual content of plaintiff's claims with a reasonable degree of precision." Ayers v. Continental Casualty Co., supra; Morock v. Chautauqua Airlines,

CASE NO.: 11-20247-CIV-ALTONAGA/Simonton

Inc., *supra.* See also Powell v. Home Depot USA, Inc., 2008 U.S. Dist. LEXIS 49144 (S.D. Fla. June 16, 2008).

In addition, where a party validly chooses to respond by referring to records, the responding party "may not simply state that he has already produced the information," but must "specifically identify the documents from which the responding party may derive an answer." Ayers v. Continental Casualty Co.**,** *supra.* See also Morgan Guaranty Trust Co. v. George Washington Co., 1978 U.S. Dist. LEXIS 13891 (D. Del. 1978)(party responding to interrogatories by referring to documents must respond "by particular identification of the document itself and page number, if appropriate"); United Nuclear Corp. v. General Atomic Co., 629 P.2d 231, 299 (N.M. 1980)(party responding to interrogatories by reference to documents should refer to specific documents and pages, and should not commit "the universally condemned practice of referring to a mass of undifferentiated material"); and Tate v. United States Postal Serv., 2007 U.S. Dist. LEXIS 10086 (S.D. Fla. Feb. 14, 2007)("Under Rule 33 a party that relies on documents in response to an interrogatory must specifically identify what documents are being referred to as a substitute for a complete interrogatory answer.").   Federal Rule 33(d) expressly states that "a specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which an answer may be ascertained."

Accordingly, while Rule 33(d) does permit a responding party to answer an interrogatory by referring to documents, this is only allowed when the information sought is readily identified from the documents, as easily identified by one party as the other, the documents are specifically identified, and obtaining the answer from the documents does not call for the exercise of any special judgment.  Plaintiff's refusal to answer the Interrogatory, and generally referring QBE to 251 pages of unspecified documents, violates Rule 33.

Moreover, while Plaintiff refers QBE to the damage estimate and documents which are Bates stamped 1-251, those documents do not answer this interrogatory. The documents Bates stamped 1-251 do not show how the components were damaged, whether they were repaired/replaced, who repaired/replaced them, the date

or cost of repair/replacement, the age or prior condition of the components, or whether there were plans/discussions of replacing/repairing the components prior to the hurricane.

**Defendant's Interrogatory No. 5(a-c):**

5. Please provide a list of the names and all last known addresses of the following:

a. All unit owners from the inception of the condominium to the present time, including their dates of ownership;
b. All managers or management personnel from the inception of the condominium to the present time, including their dates of employment;
c. All maintenance personnel from the inception of the condominium to the present time, including their dates of employment.

**Plaintiff's Answer to Interrogatory No. 5(a-c):**

Plaintiff responded to Interrogatory no. 5(a-c) by stating:

> Objection: irrelevant, lacks any time limitation and therefore overbroad and excessive based on the issues of the case. Plaintiff will provide hereafter responsive information from 2002 to date.

**Argument in Support of Motion to Compel Regarding Interrogatory No. 5(a-c):**

Plaintiff's objection to Interrogatory no. 5(a-c) is improper as the question is not overbroad or irrelevant. As the condominium was built in 1995, the time period of the request is reasonably limited by the very age of the condominium. Further, managers, maintenance personnel and unit owners from the inception of the condominium in 1995 would have relevant information regarding the pre-existing condition of the building. In a similar case, Judge Ryskamp previously agreed that in a hurricane insurance case where causation for the damages is challenged, information dating back to the time of construction may be relevant. *See Order in Meridian of Palm Beach Condo. Assoc., Inc. v. QBE Ins. Corp., case no. 9:06-cv-81108-KLR, attached as Exhibit "C."*

If they are still owners, QBE can obtain the names of unit owners from the property appraiser's website. However, owners who have sold their units and moved out of the building would also be expected to have knowledge regarding relevant pre-

existing conditions, and Plaintiff should be required to provide their names and last known addresses.

Moreover, although Plaintiff agreed to provide a list of names and addresses of unit owners, property managers and maintenance personnel "from 2002 to date," Plaintiff has not provided the promised names and addresses. As Plaintiff served its Answers to Interrogatories on May 20, 2011, Plaintiff has had ample time to provide the list of names/addresses and Plaintiff's failure to do so has prejudiced QBE in light of the impending discovery deadline.

**Defendant's Interrogatory No. 7(a-b):**

1. With regard to each person and entity listed in your Answer to Interrogatory number 6 above, please provide the following:

   a. The date when such person and/or entity inspected, evaluated or assessed your damages;

   b. Describe in detail the activities conducted by each such person and/or entity in conjunction with the inspection, evaluation or assessment of your damages, including a description of any areas or building components inspected, and the nature of the inspection.

**Plaintiff's Response to Interrogatory No. 7(a-b):**

In response to Interrogatory no. 7(a-b), Plaintiff stated:

Upon information and belief, Mr. Catania inspected during approximately 2008. Mr. Odess, Mr. Dobbins, Dr. Jain and their teams performed thorough investigations that will be outlined in their reports which Plaintiff will produce in this case. Answering further, Plaintiff will produce expert and consultant materials subject to the limits imposed by the Federal Rules of Civil Procedure, the Court's Local Rules of Practice, and the Court's scheduling orders.

**Argument in Support of Motion to Compel Regarding Interrogatories No. 7(a-b):**

Instead of describing the activities of persons who inspected and evaluated the property for damage, including the areas they inspected, Plaintiff refers QBE to reports which have not yet been produced. Accordingly, while Rule 33 permits a party to answer an interrogatory by referring to specific documents, the information sought in

CASE NO.: 11-20247-CIV-ALTONAGA/Simonton

Interrogatory no. 7(a) and 7(b) cannot be derived from a review of reports which have not yet been produced.

"A party is required to make a reasonable investigation before responding to interrogatories and to answer interrogatories as fully as the information available to him will allow." Calderon v. Tower Associates International, Inc., 1989 U.S. Dist. LEXIS 6501 (D. Or. 1989); and Joyner v. Rex Corp., 2007 U.S. Dist. LEXIS 26364 (M.D. Fla. Apr. 10, 2007)(Court granted defendant's motion to compel directing plaintiff and her attorney to engage in a reasonable investigation in order to determine the information sought in certain interrogatories because "[u]nder Rule 26(g), an attorney must make a reasonable investigation and effort to assure that the client has provided all information and documents available to her which are responsive to the discovery request").

In addition, where a party validly chooses to respond by referring to records, the responding party "may not simply state that he has already produced the information," but must "specifically identify the documents from which the responding party may derive an answer." Ayers v. Continental Casualty Co., supra. See also Morgan Guaranty Trust Co. v. George Washington Co., 1978 U.S. Dist. LEXIS 13891 (D. Del. 1978)(party responding to interrogatories by referring to documents must respond "by particular identification of the document itself and page number, if appropriate"); United Nuclear Corp. v. General Atomic Co., 629 P.2d 231, 299 (N.M. 1980)(party responding to interrogatories by reference to documents should refer to specific documents and pages, and should not commit "the universally condemned practice of referring to a mass of undifferentiated material"); and Tate v. United States Postal Serv., 2007 U.S. Dist. LEXIS 10086 (S.D. Fla. Feb. 14, 2007)("Under Rule 33 a party that relies on documents in response to an interrogatory must specifically identify what documents are being referred to as a substitute for a complete interrogatory answer"). Federal Rule 33(d) expressly states that "a specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which an answer may be ascertained."

Accordingly, while Rule 33(d) does permit a responding party to answer an interrogatory by referring to documents, this is only allowed when the information sought is readily identified from the documents, as easily identified by one party as the other, the documents are specifically identified, and obtaining the answer from the documents does not call for the exercise of any special judgment. Plaintiff's response referring QBE to unspecified reports to be produced in the future is improper, and Plaintiff should be compelled to provide a response.

WHEREFORE Defendant QBE INSURANCE CORPORATION respectfully requests that this Honorable Court enter an Order Granting its Motion to Compel Answers to Interrogatories, and grant such further relief as this Court deems just and proper.

## CERTIFICATE OF CONFERENCE

I hereby certify that I made a good faith effort to resolve the matters raised in this motion by sending e-mail correspondence to Plaintiff's counsel on May 26 and June 28, 2011. However, Plaintiff's counsel has not responded and the extended 30-day deadline for filing this motion compels QBE to file the motion at this time.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was filed via CM/ECF on this 30th day of June, 2011, and furnished on this date via CM/ECF to all counsel of record or pro se parties, including: Christopher N. Mammel, Esq., Childress Duffy Goldblatt, Ltd., 12000 Biscayne Blvd., Suite 415, Miami, Florida 33181; and William S. Berk, Esq., Berk Merchant & Sims, PLC, 2100 Ponce de Leon Blvd., PH-1, Coral Gables, Florida 33134.

C. DEBORAH BAIN, P.A.
840 U.S. Highway 1, Suite 305
N. Palm Beach, FL 33408
Telephone: (561) 630-1917
Facsimile: (561) 630-1918
dbainlaw@aol.com


___/s/ C. Deborah Bain_____
C. Deborah Bain, Esq.
Florida Bar No.: 857637

## Ginsburg, Steven D.

| | |
|---|---|
| **From:** | Ginsburg, Steven D. |
| **Sent:** | Wednesday, October 19, 2011 6:02 AM |
| **To:** | Sorraya Solages; Arnavat-Parga, Yolanda; Melissa McMillan Sims; William S. Berk |
| **Cc:** | Zaffuto, Warren D.; Marriott, Dwight A. |
| **Subject:** | RE: QBE/JORDA |

Sorraya,

I am sorry but I have been trying since June 13 to obtain a deposition schedule from you and Melissa. You will have to make arrangements to cover the depositions as I have done everything possible to accommodate your schedules. It has now become prejudicial to Jorda, unreasonable and untimely for you to suggest that the depositions and my travel plans should be changed. You are well aware of Jorda's efforts to obtain discovery, and that Jorda has been forced to file two motions because of excessive delays and very incomplete responses from QBE. While that has adversely affected Jorda's ability to prepare its defense and adhere to the scheduling order, the summary below of the last 30 days of my trying to set these depositions illustrates, if not underscores that enough is enough.

In our telephone conference on September 22, 2011, and confirmed by email that day, you and Melissa were going to provide 10 days for scheduling fact witness depositions in November. On September 28, 2011, I reminded you both of your agreement to provide 10 days for scheduling fact witness depositions in November. Instead, on October 5, you reneged and shifted the burden to me to provide dates, and asked for a list of everyone Jorda wanted to depose, stating that you would then provide their ability to me. That day, I wrote you that I was available every day in November except for four dates which I specified, and I gave you the list of witnesses to be deposed. I again requested confirmation that QBE was producing its assignors' -the condominium association and developer - witnesses. Another week went by and on October 12 Melissa advised, "We do not have control over the developer. Many if not all of the Club personnel are no longer employed by the Association and we have no control over them. " Putting aside your agreement with the Magistrate Judge that QBE is responsible for its assignors, I cannot understand why you asked for the list of deponents, and delayed another week in telling me that you had no ability to produce any of them. And, instead of providing any dates for depositions, Melissa again asked me for dates in "weeks you were available" overlooking my having already provided them on October 5, but stating "we can work within those." So on October 12, I provided the dates again – which were every day in November except four days. I also again asked for dates from both of you "so that I can immediately get subpoenas out." On October 13, I again asked for confirmation of dates from you and specifically for the week of November 14-18. Melissa's only response was to change the start time of Mr. O'Brien's deposition on November 14 which I did. I also note that Melissa advised me that you were "attempting to get a corporate representative for the Club at Brickell Bay to speak to the maintenance and employee related topics." Although you have had notice of these topics since September 8, QBE has yet to designate a 30(b)(6) witness for a deposition which is now re-noticed for November 14, and I am still waiting for that designation to prepare accordingly.

Also on October 13, I repeated "Having not heard anything further concerning scheduling depositions during the week of November 14, we will assume that one of you is available, and we will issue subpoenas and notices for depositions each of those days." Instead on October 17, and after agreeing to provide 10 days and block a week for depositions one month ago, your office provided only 4 dates for you in November, two of which dates I already had written you (on October 5) that I was unavailable.

I tried. Because of the need to take these depositions to determine if the additional witnesses QBE has listed are necessary for later depositions, and due to the scheduling order December 30 discovery cut-off, and your having never put forth any reasonable alternative, we will proceed with the depositions as noticed.

**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Sorraya Solages [mailto:SSolages@berklawfirm.com]
**Sent:** Tuesday, October 18, 2011 4:43 PM
**To:** Arnavat-Parga, Yolanda; Melissa McMillan Sims; William S. Berk
**Cc:** Ginsburg, Steven D.; Zaffuto, Warren D.
**Subject:** RE: QBE/JORDA

None of these dates were provided by us. I'm uncertain where you're getting them from as I am in other depositions in other matters most of that week.

*Sorraya M. Solages, Esq.*
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Telephone: 786.338.2896
Facsimile: 786.364.0007
Email: SSolages@berklawfirm.com
www.lawyers.com/berklawfirm
www.berklawfirm.blogspot.com

**From:** Arnavat-Parga, Yolanda [mailto:YArnavat-Parga@duanemorris.com]
**Sent:** Tuesday, October 18, 2011 4:14 PM
**To:** Sorraya Solages; Melissa McMillan Sims; William S. Berk
**Cc:** Ginsburg, Steven D.; Zaffuto, Warren D.
**Subject:** QBE/JORDA

Please see attached. Hard copies to follow via mail.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

## Ginsburg, Steven D.

| | |
|---|---|
| **From:** | Ginsburg, Steven D. |
| **Sent:** | Wednesday, October 05, 2011 11:37 AM |
| **To:** | Sorraya Solages; Melissa McMillan Sims |
| **Cc:** | Zaffuto, Warren D.; Marriott, Dwight A.; Geraldine K. Rodriguez; Yami Dehombre; Marriott, Dwight A.; Wagner, Jennifer P. |
| **Subject:** | RE: QBE v. Jorda - Expert Depositions, Discovery Deficiencies |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

In order to determine whether the following deponents remain necessary, I am still waiting for your response which you thought would be provided by September 27 regarding interrogatory 1 and the revision or stipulation as to the scope of this litigation, and QBE's Rule 26 Disclosures relative to its new listed witnesses #23-31 in DE 33.  That said, if QBE is producing all of the witnesses from its assignors - the condominium association and developer entities - without necessity for subpoenas, please confirm.  I am looking at the first group of depositions being QBE's listed witnesses in DE 33 – those witnesses numbered 1-9, 14, 22 -31, and Benito Hernandez, Alfredo Diaz, Hubert Quintana, Mark Dickson.  If you do not revise or stipulate on Interrogatory #1, and do not withdraw the witnesses listed, we will need an agreement enlarging the number of depositions.

I assume that you cannot produce Beauchamp personnel and we will subpoena them with approximately four other witnesses once you provide your available dates as you had previously agreed.  We will also need early December dates from you for the second group of depositions which should be considerably less, and more related to your other damages witnesses, such as vendors, if at all necessary after the first group.

Yes, the QBE deposition was uni-set and noticed on September 8 with the invitation to provide dates.  It should not take 30 days to provide alternate dates.

We are available every day in November except as follows : November 11, 24, 25,  28.

Steve


**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Sorraya Solages [mailto:SSolages@berklawfirm.com]
**Sent:** Wednesday, October 05, 2011 10:34 AM
**To:** Ginsburg, Steven D.; Melissa McMillan Sims
**Cc:** Zaffuto, Warren D.; Marriott, Dwight A.; Geraldine K. Rodriguez; Yami Dehombre
**Subject:** RE: QBE v. Jorda - Expert Depositions, Discovery Deficiencies

Steve,

From our records, this depo was also uni-set.  We heard from Tim yesterday that he is not available on 10/11.  As we discussed over the phone the other day, our offices were going to coordinate dates for all of the depositions after October 20, 2011 for you and wherever we can fit it for our office.  We are in the process of determining dates of availability.  Please provide your available dates for November as it appears Tim is pretty much booked in other matters throughout October.  Also, please provide us a list of who else you would like to depose so we can begin gathering their availability and we will provide the same to you.  Thanks.

Sorraya

*Sorraya M. Solages, Esq.*
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Telephone:  786.338.2896
Facsimile:  786.364.0007
Email:  SSolages@berklawfirm.com
www.lawyers.com/berklawfirm
www.berklawfirm.blogspot.com

**From:** Ginsburg, Steven D. [mailto:SDGinsburg@duanemorris.com]
**Sent:** Wednesday, October 05, 2011 10:25 AM
**To:** Melissa McMillan Sims; Sorraya Solages
**Cc:** Zaffuto, Warren D.; Marriott, Dwight A.
**Subject:** RE: QBE v. Jorda - Expert Depositions, Discovery Deficiencies

Melissa and Sorraya

I really find it frustrating to have to follow this up a third time, but I think I have satisfied all efforts to resolve this in good faith at this point.  We also have 30(b)(6) depositions noticed for next Tuesday, and I am booking travel unless otherwise advised by close of business today.

**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Ginsburg, Steven D.
**Sent:** Wednesday, September 28, 2011 2:21 PM
**To:** Melissa McMillan Sims (MSims@berklawfirm.com); Sorraya Solages (SSolages@berklawfirm.com)
**Cc:** Zaffuto, Warren D.; Marriott, Dwight A.
**Subject:** RE: QBE v. Jorda - Expert Depositions, Discovery Deficiencies

Melissa and Sorraya,

The following remain outstanding from our prior call, and I thought you were going to get back to me by now.  Please advise.

**Fact Witnesses**

Rule 26 mandatory witness disclosures for witnesses #23-31 on Fact Witness list will be provided or the witnesses will be removed upon your review of your paralegal having included them. You will let me know Monday, September 26.

You will provide 10 days for scheduling fact witness depositions in November.

**Interrogatories**

Concerning QBE's Revised Answers to Interrogatories, you will respond by Tuesday, September 27 as follows:

#1 – You will review this with QBE and your expert and confirm if QBE will provide a stipulation that the "negligent or tortious actions or inactions" in Count II for Equitable Subrogation are restricted to the "inadequate amount of solvent cement in the connection" of the pipe, and do not include: "a PVC pipe designed by Jorda Mechanical," "failing to properly install and/or design the plumbing system at the Subject Property," "Failing to properly inspect and maintain the installed plumbing system at the Subject Property," "Failing to take reasonable precautionary measures in avoiding foreseeable damage to the Subject Property." Failing the stipulation a revision to the answer will be provided.

There should be 6 Sandy Siegel reports, we only have one dated October 17, 2005.

You will provide alternate dates for that and other 30(b)(6) depositions, but you believe there will only be 2 people: FIU (O'Brien) and The Club at Brickell Bay Condominium Association.

Thanks,
Steve

**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
P: +1 404 253 6912
F: +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Ginsburg, Steven D.
**Sent:** Thursday, September 22, 2011 1:41 PM
**To:** Melissa McMillan Sims (MSims@berklawfirm.com); Sorraya Solages (SSolages@berklawfirm.com)
**Cc:** Zaffuto, Warren D.; Marriott, Dwight A.
**Subject:** RE: QBE v. Jorda - Expert Depositions, Discovery Deficiencies

Dear Melissa and Sorraya:

Thank you for speaking with me this morning. As we discussed, I am confirming our agreements and the outstanding issues. Please let me know if for any reason you disagree with any of the following:

**Expert Depositions**

Sherri Hankal was available in Houston but not Miami for her expert deposition on September 30, however, because Jorda's president wanted to attend the deposition you will obtain dates in October for her deposition in Miami, and we agree to extend the expert discovery cutoff for this deposition.

David Wojcieszak's expert deposition will proceed on Monday, September 26 and the documents set forth in the Notice and Subpoena Duces Tecum can be produced at that time.  We can remove the privileged documents without a privilege log being provided and they consist of attorney-expert communications, attorney work product and drafts.  Mr. Wojcieszak will produce any  communications which:

(i) relate to compensation for the expert's study or testimony;

(ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

(iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

### Fact Witnesses

Rule 26 mandatory witness disclosures for witnesses #23-31 on Fact Witness list will be provided or the witnesses will be removed upon your review of your paralegal having included them.  You  will let me know Monday, September 26.

You will provide 10 days for scheduling fact witness depositions in November.

### Rule 26 Document Disclosures

Attorney Mark Dickson's recordings were sent to me this Monday (but they have not been received at this time).  There were 5 recorded statements in Mr. Dickson's files, 4 of them had tapes.  Regarding the rest of his file documents, there is about a box, most of which appears to be work product and client communications.   You will produce those which are not privileged and a privilege log for the remainder.

### Interrogatories

Concerning QBE's Revised Answers to Interrogatories, you will respond by Tuesday, September 27 as follows:

#1 – You will review this with QBE and your expert and confirm if QBE will provide a stipulation that the "negligent or tortious actions or inactions" in Count II for Equitable Subrogation are restricted to the "inadequate amount of solvent cement in the connection" of the pipe, and do not include:  "a PVC pipe designed by Jorda Mechanical," "failing to properly install and/or design the plumbing system at the Subject Property," "Failing to properly inspect and maintain the installed plumbing system at the Subject Property," "Failing to take reasonable precautionary measures in avoiding foreseeable damage to the Subject Property."  Failing the stipulation a revision to the answer will be provided.

#9 – You will review Mr. Baer's EUO and provide the information as to the beginning and end times, but this could have been in your notes.

#15 – You will provide the letters and release.

No privilege log is needed for the interrogatories which were answered.  There will be a privilege log with QBE's response to Jorda's Request for Production and the same privileged documents would apply to interrogatory answers.

There should be 6 Sandy Siegel reports, which we will review and confirm were provided.

### Electronic Discovery

You provided the following information:

FIU is the Managing General Agent (MGA) of QBE. QBE has nothing that FIU doesn't have
QBE keeps a claim file and a litigation file electronically; FIU keeps everything in the claim file and that is produced. This includes
Tim O'Brien's log notes. Tim O'Brien's reports to QBE will be work product and contained on the privilege log in response to Jorda's Request for Production.

It is QBE's position that Rule 26 does not require production of its claim file however, you produced the bulk of the non-privileged documents in its claim file, including materials relating to coverage. There are very little communications between FIU and QBE because FIU does everything independently, including underwriting and claims handling (although it is on QBE paper). FIU is the decision maker. The apparent reason for the lack of documents regarding liability is because QBE accepted Hankel's expert report and did not do an extensive analysis, as it was more focused on coverage.

FIU keeps paper files, no electronic files

QBE and FIU have no IT Department and are extremely simplistic. Its systems are approximately 15 years old; they use Word and have no search abilities, but can only print.

QBE does not outsource any electronic storage of information, and has no backups.

FIU uses email and the Interlage program for backup
QBE only uses email and Word, with no backup.
Each claims person keeps his/her own records on their individual desktop computer only; they are not backed up to a network.

There are no thumb/flash drives used
Claims adjusters are not issued PDAs. If they have handhelds, they are personal and only contain emails.
No work from home computers is done.
There is no voice mail storage system.

QBE does have a written records retention schedule for 5 or 10 years and you will ask your client if this can be provided to Jorda.
QBE does not use the internet, and has no internet systems.

Tim O'Brien can testify on all of this at his 30(b)(6) deposition. You will provide alternate dates for that and other 30(b)(6) depositions, but you believe there will only be 2 people: FIU (O'Brien) and The Club at Brickell Bay Condominium Association.



**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
**P:** +1 404 253 6912
**F:** +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Ginsburg, Steven D.
**Sent:** Wednesday, September 21, 2011 12:04 PM
**To:** Melissa McMillan Sims (MSims@berklawfirm.com); Sorraya Solages (SSolages@berklawfirm.com)
**Cc:** Zaffuto, Warren D.; Marriott, Dwight A.

**Subject:** QBE v. Jorda - Expert Depositions, Discovery Deficiencies
**Importance:** High

Dear Melissa and Sorraya:

The following addresses several long outstanding issues which require resolution. I have tried every way I know how to obtain some cooperation, and I am frustrated by the lack of responsiveness and follow up.

**Expert Depositions**

You have never confirmed the deposition of Sherri Hankal (September 30) and I have to book my air and hotel travel for it. You also raised a question concerning the deposition of your other expert, Brian Jarvinen, who was served with Jorda's Subpoena on September 13, 2011. Instead, you late noticed Jorda's expert for an earlier deposition without coordinating that time, or offering to do so, as we did in our notices to QBE for its experts. We therefore assume from your doing so, that all of the depositions will proceed as noticed and request your immediate confirmation.

I have reason to believe Ms. Hankal has been evading service of the subpoena in Texas, and also in Ft. Lauderdale where SEA refused to accept service of the subpoena. Notwithstanding your indication of her current residing in Texas, QBE has attached to its Expert Witness Summaries an August 1, 2011 letter from SEA which represents that Ms. Hankal is currently employed by SEA and providing expert services inclusive of depositions and trial through SEA's Fort Lauderdale office.

Putting aside the additional expense QBE's lack of cooperation has caused Jorda, in order to avoid bringing this matter to the Court, I want to make sure that Ms. Hankal provides the documents in the subpoena duces tecum whether or not formal service of the subpoena is obtained.

**Revised Answers to Interrogatories**

QBE's revised answers remain deficient. Although there are other deficiencies, we will obtain the information another way, but please advise as to the following 4 issues, whether you will provide corrected answers, and if so when:

The purpose of Interrogatory # 1 was to obtain specific information, and go beyond what was "generally alleged in the Complaint" as the supplemental answer states. The source of the interrogatory may well have been the common law indemnity count, but the source of the interrogatory is immaterial to its substance. Unless QBE will stipulate or revise its answer to state that the "negligent or tortious actions or inactions" in Count II for Equitable Subrogation are restricted to the "inadequate amount of solvent cement in the connection" of the pipe, and do not include: "a PVC pipe designed by Jorda Mechanical," "failing to properly install and/or design the plumbing system at the Subject Property," "Failing to properly inspect and maintain the installed plumbing system at the Subject Property," "Failing to take reasonable precautionary measures in avoiding foreseeable damage to the Subject Property" the interrogatory answer is evasive, and does not comply with the Order.

The answer to Interrogatory #9 fails to state the time the failed pipe was first discovered, as distinguished from the time when "the loss occurred" (which also appears to be different from the interrogatory's request for when the water damage was first discovered, and that should be clarified to be the same, if it is the same). The answer fails to state the time of the shutoff. By stating that there was an approximate 90 minute period from the time of the "first notice of the problem and the shut off" does not provide the time of either. The answer fails to identify the letter so that it can be located "(Information obtained by counsel letter to Plaintiff's representatives)," and fails to identify where in Baer's EUO this may be (it is not). QBE cannot generally refer Jorda to a document in this manner and QBE has taken the position that it is entitled to the location in documents when a reference is made.

The answer to Revised Interrogatory #15 fails to identify the specific documents.

Is privilege still an objection issue for any interogatory (QBE has continued its failure to provide privilege log) or are the privilege objections withdrawn?

**Rule 26(f) Conference Electronic Discovery**

I have sent you written requests on July 23, 2011, August 27, 2011, September 6, 2011 and September 13, 2011. The Court ordered you to confer. The delay is unacceptable and I will not continue to try and resolve what is your obligation. I will make myself available this weekend if necessary, but absent a scheduled and completed conference by September 26, I have no alternative than to involve the Court.

**Rule 26 Mandatory Witness Disclosures**

On August 3, 2011 and September 9, 2011 I provided written communications (as well as discussing this during the Court hearing) requesting that you supplement QBE's Rule 26 witness disclosures by providing information concerning the 9 new witnesses QBE listed on its Preliminary Fact Witness List. I have requested that we speak about this without success. Absent an agreement to provide the mandatory disclosures or a scheduled and completed conference by September 26, I have no alternative than to involve the Court.

Steve



DuaneMorris
www.duanemorris.com

**Steven D. Ginsburg**
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
E-MAIL

**P:** +1 404 253 6912
**F:** +1 404 745 0971

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

## Ginsburg, Steven D.

| | |
|---|---|
| **From:** | Ginsburg, Steven D. |
| **Sent:** | Tuesday, September 13, 2011 5:02 PM |
| **To:** | Sorraya Solages; Zaffuto, Warren D.; Marriott, Dwight A.; Arnavat-Parga, Yolanda; Wagner, Jennifer P. |
| **Cc:** | Melissa McMillan Sims; Yami Dehombre; Geraldine K. Rodriguez |
| **Subject:** | RE: Club at Brickell Bay |

I hope you are feeling better. Each deposition notice is footnoted that we will work with you on reasonable scheduling, however, the Court order requires that we complete the expert depositions by September 30. It also makes more sense (and creates much less expense for the parties) for Sherri to come to Miami, than for two lawyers to fly to Texas, so please see if she is amenable for that. I will await your response regarding a time for the Rule 26(f) conference but we are running far behind and need to pick up the pace. Please include enough time to discuss continued deficiencies in the interrogatory answers and Rule 26 disclosures.

Steve

Steven D. Ginsburg
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
P: +1 404 253 6912
F: +1 404 745 0971

SDGinsburg@duanemorris.com
www.duanemorris.com

**From:** Sorraya Solages [mailto:SSolages@berklawfirm.com]
**Sent:** Tuesday, September 13, 2011 4:42 PM
**To:** Ginsburg, Steven D.; Zaffuto, Warren D.; Marriott, Dwight A.; Arnavat-Parga, Yolanda; Wagner, Jennifer P.
**Cc:** Melissa McMillan Sims; Yami Dehombre; Geraldine K. Rodriguez
**Subject:** RE: Club at Brickell Bay

My apologies Steve. I was unexpectedly out sick yesterday and just saw your email now. We can work on coordinating another time based on our availability.

I see that you have unilaterally set depositions. Please note that Sherri is located in Texas. Also, I will check against the schedule, but I do not believe we are available the dates you've noticed (and we will determine whether the deponents are available as well). In the event we are not available, we will get some dates to you of our (and the deponents) availability. Thanks.

Sorraya

*Sorraya M. Solages, Esq.*
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Telephone: 786.338.2896

Facsimile: 786.364.0007
Email: SSolages@berklawfirm.com
www.lawyers.com/berklawfirm
www.berklawfirm.blogspot.com

---

**From:** Ginsburg, Steven D. [mailto:SDGinsburg@duanemorris.com]
**Sent:** Saturday, September 10, 2011 8:04 AM
**To:** Sorraya Solages; Zaffuto, Warren D.; Marriott, Dwight A.; Arnavat-Parga, Yolanda; Wagner, Jennifer P.
**Cc:** Melissa McMillan Sims; Yami Dehombre; Geraldine K. Rodriguez
**Subject:** RE: Club at Brickell Bay

Thank you, Sorraya. I am available between 1 pm and 3 Monday. Does that work?

---

**From:** Sorraya Solages [mailto:SSolages@berklawfirm.com]
**Sent:** Friday, September 09, 2011 5:03 PM
**To:** Ginsburg, Steven D.; Zaffuto, Warren D.; Marriott, Dwight A.; Arnavat-Parga, Yolanda; Wagner, Jennifer P.
**Cc:** Melissa McMillan Sims; Yami Dehombre; Geraldine K. Rodriguez
**Subject:** RE: Club at Brickell Bay

We got the original file last night and will be sending it out for copying. Some, if not all, of the tapes are included with the statements and we will have copies of those made for you as well. Yes, we will amend the Rule 26 as necessary based upon the below.

Do you have time Monday afternoon to get on a call with Melissa and me to discuss the electronic information? As an aside, please discuss with your client whether it is agreeable to having a trial before Magistrate Judge Goodman. Our client is agreeable.

Thanks.

Sorraya

*Sorraya M. Solages, Esq.*
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Telephone: 786.338.2896
Facsimile: 786.364.0007
Email: SSolages@berklawfirm.com
www.lawyers.com/berklawfirm
www.berklawfirm.blogspot.com

---

**From:** Ginsburg, Steven D. [mailto:SDGinsburg@duanemorris.com]
**Sent:** Friday, September 09, 2011 4:22 PM
**To:** Sorraya Solages; Zaffuto, Warren D.; Marriott, Dwight A.; Arnavat-Parga, Yolanda; Wagner, Jennifer P.
**Cc:** Melissa McMillan Sims; Yami Dehombre; Geraldine K. Rodriguez
**Subject:** RE: Club at Brickell Bay

Thank you Sorraya,

Please also provide the recordings referred to in each of the statements taken by Mr. Dickson, and on the assumption that his former partner located files in which these were contained, can I expect that you will be supplementing your Rule 26 disclosures? Please let me know when I can expect that so I can coordinate further discovery efforts. Also, as we previously discussed, and per the Court, QBE's Preliminary Fact Witness List has new witnesses beginning with #23 for whom Rule 26 disclosures were not provided.

Regards,
Steve

**From:** Sorraya Solages [mailto:SSolages@berklawfirm.com]
**Sent:** Friday, September 09, 2011 2:13 PM
**To:** Ginsburg, Steven D.; Zaffuto, Warren D.; Marriott, Dwight A.; Arnavat-Parga, Yolanda; Wagner, Jennifer P.
**Cc:** Melissa McMillan Sims; Yami Dehombre; Geraldine K. Rodriguez
**Subject:** Club at Brickell Bay

Steve,

The responses per Court order will be forthcoming today.  Attached are the pre-underlying litigation reports by Sandy Siegel that we said we would provide as well as the only recorded statement transcripts that appeared in Dickson's file (sent to us by his old law partner).  We will get back to you regarding the Rule 26 electronic once we can get these responses to you.  Thanks.

Sorraya

*Sorraya M. Solages, Esq.*
Berk, Merchant & Sims, PLC
2 Alhambra Plaza, Suite 700
Coral Gables, FL 33134
Telephone:  786.338.2896
Facsimile:  786.364.0007
Email:  SSolages@berklawfirm.com
www.lawyers.com/berklawfirm
www.berklawfirm.blogspot.com


For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

## Ginsburg, Steven D.

| | |
|---|---|
| **From:** | Ginsburg, Steven D. |
| **Sent:** | Wednesday, August 03, 2011 6:04 AM |
| **To:** | 'Melissa McMillan Sims'; 'Sorraya Solages' |
| **Cc:** | Marriott, Dwight A.; Zaffuto, Warren D.; 'Yami Dehombre'; 'Daisy Alvarez' |
| **Subject:** | RE: QBE v. Jorda - Rule 26 Disclosures |

Melissa,

I do not think I received a response concerning my request that QBE supplement its Rule 26 Disclosures and provide the new witnesses' subjects of information.   Please let me know if QBE will do so.

Thanks

Steve

---

**From:** Ginsburg, Steven D.
**Sent:** Tuesday, July 05, 2011 8:37 AM
**To:** 'Melissa McMillan Sims'; Sorraya Solages
**Cc:** Marriott, Dwight A.; Zaffuto, Warren D.; Yami Dehombre; Daisy Alvarez
**Subject:** RE: QBE v. Jorda - Rule 26 Disclosures

Melissa,

I write to follow up on my below request for the recorded interviews made by your client.   Please let me know.   In addition, QBE's Preliminary Fact Witness List contains several witnesses who it did not list in its Rule 26 Disclosures.   At a minimum, I believe QBE is required to supplement its Rule 26 Disclosures and provide those witnesses' subjects of information.   I would appreciate your letting me know when we can expect to receive this.

Thanks

Steve

---

**From:** Melissa McMillan Sims [mailto:MSims@berklawfirm.com]
**Sent:** Wednesday, June 15, 2011 6:25 PM
**To:** Ginsburg, Steven D.; Sorraya Solages
**Cc:** Marriott, Dwight A.; Zaffuto, Warren D.; Yami Dehombre; Daisy Alvarez
**Subject:** RE: QBE v. Jorda - Rule 26 Disclosures

Steve,

I will look into it and see what we have.   Both Sorraya and I are on vacation over the next couple of weeks  but I will try to get you an answer by the last week of June.

Melissa

Melissa McMillan Sims
Berk, Merchant & Sims, PLC.
2 Alhambra Plaza
Suite 700
Coral Gables, Florida 33134
Tel. 786-338-2878
Fax 786-338-2888
msims@berklawfirm.com

THIS MESSAGE MAY BE CONFIDENTIAL AND PROTECTED BY WORK PRODUCT DOCTRINE OR ATTORNEY CLIENT PRIVILEGE. IF YOU RECEIVED IT IN ERROR PLEASE DELETE IT AND NOTIFY THE SENDER.

**From:** Ginsburg, Steven D. [mailto:SDGinsburg@duanemorris.com]
**Sent:** Monday, June 13, 2011 10:50 AM
**To:** Sorraya Solages; Melissa McMillan Sims
**Cc:** Marriott, Dwight A.; Zaffuto, Warren D.
**Subject:** QBE v. Jorda - Rule 26 Disclosures

Good morning Sorraya and Melissa,

Apparently, your client made recorded interviews of several people.  Please see the attached September 15, 2005 letter from Mark F. Dickson to Joseph Galante which refers to recorded interviews of Mr. Quintana, Security and Mr. Fernandez, Chief Engineer, along with requests for recorded interviews of 6 other people.  We have not received any recordings in QBE's Rule 26 disclosures.  Would you please look into this and let me know as soon as possible?

I am trying to obtain all documents and materials this month in order to discuss a deposition schedule with you.  Obviously, recorded and even written interviews (also not produced) are essential for Jorda's expert to review prior to the report being prepared, and equally important for our discovery preparation.

Thanks
Steve



Steven D. Ginsburg
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700    **P:** +1 404 253 6912
Atlanta, GA 30309-3448    **F:** +1 404 745 0971
E-MAIL

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.

For more information about Duane Morris, please visit http://www.DuaneMorris.com

Confidentiality Notice: This electronic mail transmission is privileged and confidential and is intended only for the review of the party to whom it is addressed. If you have received this transmission in error, please immediately return it to the sender. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege.

## Ginsburg, Steven D.

| | |
|---|---|
| **From:** | Ginsburg, Steven D. |
| **Sent:** | Monday, June 13, 2011 10:50 AM |
| **To:** | Sorraya Solages; Melissa McMillan Sims |
| **Cc:** | Marriott, Dwight A.; Zaffuto, Warren D. |
| **Subject:** | QBE v. Jorda - Rule 26 Disclosures |
| **Attachments:** | 001194.pdf; 001195.pdf |

Good morning Sorraya and Melissa,

Apparently, your client made recorded interviews of several people. Please see the attached September 15, 2005 letter from Mark F. Dickson to Joseph Galante which refers to recorded interviews of Mr. Quintana, Security and Mr. Fernandez, Chief Engineer, along with requests for recorded interviews of 6 other people. We have not received any recordings in QBE's Rule 26 disclosures. Would you please look into this and let me know as soon as possible?

I am trying to obtain all documents and materials this month in order to discuss a deposition schedule with you. Obviously, recorded and even written interviews (also not produced) are essential for Jorda's expert to review prior to the report being prepared, and equally important for our discovery preparation.

Thanks
Steve



DuaneMorris
www.duanemorris.com

Steven D. Ginsburg
Partner

Duane Morris LLP
Atlantic Center Plaza
1180 West Peachtree Street NW, Suite 700
Atlanta, GA 30309-3448
E-MAIL

**P:** +1 404 253 6912
**F:** +1 404 745 0971

As required by United States Treasury Regulations, you should be aware that this communication is not intended by the sender to be used, and it cannot be used, for the purpose of avoiding penalties under United States federal tax laws.