UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21107 CIV-GOLD

QBE INSURANCE CORPORATION, )
a/s/o BRICKELL BAY PLAZA, L.L.C. )
as Assignee of the Club at Brickell )
Bay Plaza Condominium Association, )
Inc., )
                                                )
        Plaintiff, )
v. )
                                                )
JORDA ENTERPRISES, INC. )
d/b/a JORDA MECHANICAL )
CONTRACTORS, )
                                                )
       Defendant. )

**JORDA ENTERPRISES, INC.'S MOTION FOR SANCTIONS PURSUANT TO
FED.R.CIV.P. 11 AND 28 U.S.C. § 1927**

Defendant JORDA ENTERPRISES, INC. ("Jorda"), by and through its undersigned counsel and pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927, moves this Court for entry of an award of sanctions against Plaintiff, QBE INSURANCE CORPORATION ("QBE"), and Plaintiff's counsel in this cause, and as grounds therefore states:

QBE has sued Jorda for equitable subrogation on the basis that "QBE now stands in the shoes of Insured and are entitled to subrogation . . . as a result of Jorda Mechanical's negligent or tortious actions or inactions." Complaint, ¶33 [DE 1]. QBE's insured had previously sued Jorda for "damages . . . as a result of a major water leak incident in August 2005, caused by construction deficiencies in work or materials supplied by Jorda," which is the identical incident underlying QBE's instant action.

On June 13, 2007, QBE's Insured (the "Association") filed an action in the Circuit Court of the Eleventh Judicial Circuit of Florida styled *Club at Brickell Bay Condominium Association, Inc. v. Brickell Bay Plaza, LLC, Beauchamp Construction, Co., Inc., and Jorda Enterprises, Inc. d/b/a Jorda Mechanical Contractors*, Case Number 07-17728 CA 40 (the "State Court Action"). The Amended Complaint filed in the State Court Action is attached hereto as Exhibit "A".

Prior to this action, QBE's insured filed a voluntary dismissal with prejudice of the State Court Action against Jorda on March 22, 2010. A copy of the Voluntary Dismissal is attached as Exhibit "B". QBE filed this action on April 7, 2010. QBE has no greater rights than its Insured subrogor or assignor, the Association. *See Lincoln National Health and Casualty Insurance Company v. Mitsubishi Motor Sales of America, Inc.,* 666 So. 2d 159, 161 (Fla. 5th DCA 1995) (citations omitted) ("In such an action, the insurer's rights are dependent on the insured's rights in tort against the third-party tortfeasor. . . . The insurer, as subrogee, stands in the shoes of its insured with respect to the insured's tort claim against the tortfeasor.").

QBE filed its Complaint as the assignee of The Club at Brickell Bay Condominium Association, Inc. ("Association") having actual knowledge[1] that the Association had already filed its voluntary dismissal with prejudice of the State Court Action, which it had filed against Jorda based upon the water damage sustained by the Association resulting from a broken pipe on the Association's property on or about August 26, 2005. QBE's Complaint is based upon the identical incident and the same or

---

[1] On September 15, 2008, in *Brickell Bay Plaza, L.L.C. v. QBE Insurance Corporation*, Case No. 07-21359-CIV-Cooke/Bandstra, QBE filed a Joint Motion for Stay Or, Alternatively, For Continuance [DE 111] which included and acknowledged the Settlement Agreement its insured had executed in the State Court Action. That Settlement Agreement obligated the Association to file a voluntary dismissal with prejudice of Jorda.

- 2 -

nearly the same allegations which were made or which could have been made by the Association in its State Court Action against Jorda.

A voluntary dismissal with prejudice is an adjudication on the merits and constitutes *res judicata* of all matters which were or could have been litigated.  *See W & W Lumber of Palm Beach, Inc. v. Town & Country Builders, Inc.*, 35 So. 3d 79, 82-83 (Fla. 4th DCA 2010) (*quoting Capital Bank v. Needle*, 596 So.2d 1134, 1136 (Fla. 4th DCA 1992)) ("'As a general rule, a voluntary dismissal with prejudice operates as an adjudication on the merits, barring a subsequent action on the same claim.'"); *see also Ellis v. Weisbrot*, 550 So. 2d 15, 16 (Fla. 3d DCA 1989) (citation omitted) ("A dismissal with prejudice is tantamount to a release."); *Lomelo v. American Oil Company,* 256 So. 2d 9, 11 (Fla. 4th DCA 1972) ("We hold that when the prior counterclaims were dismissed with prejudice and no attack was made on the dismissals, such dismissals became an adjudication that the causes of action asserted in the counterclaims were without merit and, therefore, a bar to the reassertion of the same causes of action by the same parties in the present action, even though the prior dismissals were on stipulation of the parties."); *Eason v. Lau* v. Lau, 369 So. 2d 600, 601 (Fla. 1st DCA 1978) ("[Florida Rule of Civil Procedure] 1.420(a) permits a party to dismiss an action without order of court but provides that when the notice states that it is with prejudice the plaintiff is barred from bringing the action again as it is thereby considered to be an adjudication upon the merits.").  *See* Jorda's Answer and Affirmative Defenses ¶ 5 [DE 21].

The Association's dismissal with prejudice of its State Court Action conclusively adjudicated that Jorda cannot be liable for the following claims which were set forth in the Amended Complaint in that action, Exhibit "A":

> "[D]eficiencies in work or material furnished by subcontractors of Beauchamp, including, but not limited to, Jorda";
>
> "The causes of action herein concern matters of common interest to the Condominium's Unit Owners, which matters include but are not limited to . . . the mechanical, electrical, and plumbing elements serving the building,";
>
> "[T]he work performed and materials supplied by Jorda, which included condenser water pipes, and brackets and supports for such pipes";
>
> "[T]he expenses, costs and attorney's fees incurred by the Association as a result of the a major water leak incident in August 2005, caused by construction deficiencies in work or materials supplied by Jorda."

Amended Complaint, ¶¶ 12, 15, 54 and 56. "If the subrogor has no rights or priorities against a specified third party, then the subrogee has nothing to inherit as against that third party." *Dade County School Bd. v. Radio Station WQBA,* 731 So. 2d 638, 647 (Fla. 1999). Consequently, the insured Association having no further claims against Jorda for the "major water leak incident in August 2005, caused by construction deficiencies in work or materials supplied by Jorda" which "included condenser water pipes," QBE cannot inherit or revive those claims here.

A second and independent reason supports that sanctions should be awarded to Jorda. Even if *arguendo*, the Association had never filed its dismissal with prejudice of the State Court Action, equitable subrogation would only be proper if QBE could establish that it paid the entire debt owed to the Association and that, in doing so, QBE obtained a release for Jorda from the Association. *See Radio Station WQBA*, 731 So. 2d at 647. Only then would QBE step into the shoes of the Association. Here, QBE did not obtain a release from the Association in favor of Jorda. Therefore, it cannot prevail on a claim for equitable subrogation even in the absence of the dismissal with prejudice

barring its claim.  *Pacific Insurance Company, Ltd. v. Bothelho,* 891 So. 2d 587, 590 (Fla. 3d DCA 2004) ("[B]ecause the medical providers were not released and the Ziesenheims retained their cause of action against the medical providers, Pacific cannot state a cause of action for equitable subrogation.").

A third and independent basis for imposing sanctions against QBE and its counsel is that the statute of limitations expired and barred QBE's claim.  Section 95.11 (3), Florida Statutes.  QBE alleges that "[o]n or about September 16, 2005, [the Developer as assignee of the insured Association] agreed to subrogate to QBE all rights, claims and interest it may have against any person or corporation liable for the loss occurring on or about August 26, 2005[.]"  Complaint, ¶ 18. 17.    Prior to filing this action on April 7, 2010, more than four years had elapsed since the damage to the condominium and since the date QBE made its payment to the Association and claimed its subrogation rights arose on September 16, 2005.

### PLAINTIFF AND ITS COUNSEL OF RECORD SHOULD BE SANCTIONED FOR VIOLATING RULE 11 AND PRESENTING TO THE COURT FRIVOLOUS CLAIMS IN THE COMPLAINT

#### RULE 11 SEEKS TO PREVENT ACTS LIKE PLAINTIFF'S BASELESS CLAIMS

"[T]he central purpose of Rule 11 is to deter baseless filings in District Court." *Cooter & Gell v. Hartmarx Corp.* 496 U.S. 384, 393 (1990); *see also, Smith & Green Corp. v. Trustees Of the Constr. Indus. & Laborers Health and Welfare Trust*, 244 F.Supp.2d 1098, 1103 (D. Nev. 2003) (central purpose of Rule 11 is to "reduce frivolous claims . . . or motions and to deter costly meritless maneuvers . . . [thereby [avoiding delay and unnecessary expense and litigation.").

Under Rule 11, an attorney who signs a document submitted to the court attests that to the best of the signer's knowledge, and after a reasonable inquiry:

>   (1)    [the document] is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
>   (2)    the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law . . . .
>
>   (3)    the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

Fed.R.Civ.P. 11(b). The applicable standard is one of objective reasonableness under the particular circumstances. *Business Guides, Inc. v. Chromatic Communications, Inc.*, 498 U.S. 533, 551 (1991); *see also Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head."). Rule 11 sanctions are proper when a party files a pleading for an improper purpose, such as to harass or cause unnecessary delay or needless increase in the cost of litigation. Fed. R. Civ. P. 11(d); *see also, Worldwide Primates, Inc. v. McGreal*, 87 F. 3d 1252, 1255 (11th Cir. (Fla.) 1996)); *Warren v. Guelker*, 29 F.3d 1386, 1388 (9th Cir. 1994) (Sanctions can be imposed when a court filing "is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose.")

In the instant case, QBE's conduct in pursuing its claim against Jorda was unreasonable because Jorda has repeatedly brought to QBE's attention from the inception of this action, (1) the preclusive effect of prior litigation involving the same party, (2) after the statute of limitations had expired, and (3) QBE's failure to obtain a release in

favor of Jorda as required to assert a cause of action for equitable subrogation. *See Proctor v. Educational Credit Management Corp.*, 2010 WL 4919670, *4 (S.D.Ohio). Any one of those three facts is independently dispositive of this action. Jorda' Answer and Affirmative Defenses [DE 21] reminded QBE and its counsel (who knew, see n. 1 *infra*) of the Settlement Agreement which its insured entered into, which waived and released any claims against Jorda, and agreed to dismiss with prejudice the underlying claims upon which this subrogation action is based. The Answer further asserted that QBE failed to secure a release that included Jorda as part of its payment. Answer ¶ 9, Affirmative Defense ¶¶ 8, 9. In its Motion to Dismiss [DE 9], Jorda also alerted QBE to the statute of limitations barring its equitable subrogation claim which ran from the date QBE as subrogee made payment to the insured, its subrogor. Id. at p. 7. *See also* Answer and Affirmative Defenses, Affirmative Defense ¶ 6. In its First Set of Interrogatories to Plaintiff (QBE), served on May 31, 2011, Jorda asked QBE for the legal and factual basis for this action (1) after it was dismissed with prejudice by QBE's assignor and subrogor, (2) after the statute of limitations had expired, and (3) where QBE did not obtain a release in favor of Jorda as required to assert a cause of action for equitable subrogation. Interrogatories 12, 13, 15. QBE refused to answer, causing the filing of a Motion to Compel [DE 47]. In meet and confer predicates to the motion to compel, both by correspondence, email and telephone, QBE's counsel was provided with a certified copy of the Voluntary Dismissal With Prejudice filed by its assignor and subrogor and asked to justify its continued maintenance of this action. QBE's sworn answer to Interrogatory 12 reflects QBE's and its counsel's bad faith. The interrogatory specifically asked for the basis for liability when Jorda "was dismissed with prejudice by you" and defined "you"

to include QBE's assignee the Association. QBE's answer, "The action … was between the insured and its developer. Defendant was not dismissed with prejudice by Plaintiff in any case," is (to say the least) evasive and lacks candor. QBE having previously filed the Settlement Agreement in this Court knew full well that Jorda and the General Contractor, Beauchamp Construction, were also parties to that action, and each was dismissed with prejudice by QBE's assignee and insured.

Rule 11 requires that a claimant have facts in hand that support his or her allegations when the complaint is filed, and, by signing the complaint, the claimant's counsel certifies that he or she does, indeed, have the necessary facts. *Brandt v. Schal Assocs., Inc.*, 121 F.R.D. 368, 374 (N.D. Ill. 1988) (at the time a complaint is filed, the plaintiff "is expected to have enough evidence to justify a reasonable attorney in concluding the complaint is warranted"), *aff'd*, 960 F.2d 640 (7th Cir. 1992); *Segal v. Gordon*, 467 F.2d 602, 607-08 (2d Cir. 1972) (complaint should be filed "only after a wrong is reasonably believed to have occurred; it should serve to seek redress for a wrong, not to find one).

Courts have not hesitated to impose sanctions on litigants who have misstated or ignored material facts in their pleadings. *See, e.g.*, *Del Canto v. ITT-Sheraton Corp.*, 865 F.Supp. 934, 938 (D.D.C. 1994), *aff'd*, 70 F.3d 637 (D.C. Cir. 1995) (plaintiff's defamation claims were contradicted by plaintiff at his deposition, revealing that plaintiff's counsel failed to conduct a reasonable pre-filing investigation); *Aizuss v. Commonwealth Equity Trust*, 847 F.Supp. 1482, 1492 (E.D. Cal. 1993) (plaintiff's attorneys sanctioned for not discovering information in publicly available documents); *Townshend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir. 1991) (affirming

sanctions where plaintiffs filed first amended complaint against law firm despite evidence that law firm was not involved in the disputed matter). Similarly, courts have not hesitated to impose sanctions on litigants who assert baseless claims. *See, e.g., Land v. Chicago Truck Drivers Union*, 25 F.3d 509, 516-18 (7th Cir. 1994) (sanctions appropriate for baseless claim); *McGhee v. Sanilac County*, 934 F.2d 89, 93 (6th Cir. 1991) (sanctions for baseless claim); *O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990) (sanctions for baseless claim).

In this case, Plaintiff's Complaint violates Rule 11 because its allegations were presented for an improper purpose, such as to cause unnecessary delay or needless increase in the cost of litigation; its claims are not warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; and its allegations and other factual contentions have no evidentiary support.

Because QBE has no greater rights than its insured subrogor or assignor, the Association, See *Lincoln National Health and Casualty Insurance Company v. Mitsubishi Motor Sales of America, Inc.,* 666 So. 2d 159, 161 (Fla. 5th DCA 1995), QBE was barred from filing the instant action based upon the Association's voluntary dismissal with prejudice of the same or nearly the same claims. "If the subrogor has no rights or priorities against a specified third party, then the subrogee has nothing to inherit as against that third party." *Dade County School Bd. v. Radio Station WQBA*, 731 So. 2d 638, 647 (Fla. 1999). Rule 11 sanctions have been imposed where no reasonable attorney or plaintiff would have brought or maintained a claim which had been settled. *See Reichmann v. Neumann*, 553 F.Supp.2d 307 (S.D. N.Y. 2008)(where "case-dispositive

facts could have easily been disclosed with a minimal amount of investigation" the filing of the complaint was "outrageous" and the pursuit and prolongation of the case "inexcusable").

QBE knew this at the time it filed its Complaint in this action. The Association's voluntary dismissal with prejudice released Jorda from any liability for the underlying negligence claimed in the State Court Action. If the injured party is barred by a release, then the subrogee (insurance company) would be barred as well. See e.g., *State Farm Mut. Auto. Ins. Co. v. Herrin*, 230 So. 2d 709 (Fla. 2d DCA 1969) (where insured released third-party tortfeasor from all claims, including property damage to insured's automobile, the release destroyed his automobile liability insurer's right of subrogation against the tortfeasor); see also 31A Fla. Jur. 2d Insurance § 3319 ("Since the right of an insurer to subrogation against the one responsible for the loss is derived from the right of the insured against that person, and since allowing subrogation following a settlement and release would subject the tortfeasor to double payment for the same wrong, when one who sustains loss as a result of the negligence or wrongdoing of another releases the tortfeasor by means of a valid release, an insurer subrogated to the right of the injured party is barred by that release.").

Even if *arguendo*, the Association had never filed its dismissal with prejudice of the State Court Action, equitable subrogation would only be proper if QBE could establish that it paid the entire debt owed to the Association and that, in doing so, QBE obtained a release for Jorda from the Association. *See Radio Station WQBA*, 731 So. 2d at 647. Only then would QBE step into the shoes of the Association. Here, QBE did not obtain a release from the Association in favor of Jorda. Therefore, it cannot prevail on a

claim for equitable subrogation even in the absence of the dismissal with prejudice barring its claim. *Pacific Insurance Company, Ltd. v. Bothelho,* 891 So. 2d 587, 590 (Fla. 3d DCA 2004).

Here, QBE's Complaint asserts a claim that is without any factual or legal basis. Further, the patent lack of merit of the alleged claim leads to the inescapable conclusion that it was filed for an improper purpose.

Although the "improper purpose" and "frivolousness" inquiries are separate and distinct, they often overlap because evidence bearing on frivolousness often will be highly probative of purpose. *Townshend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990); see also *Hudson v. Moore Business Forms, Inc.*, 836 F.2d 1156, 1162 (9th Cir. 1987) (approving district court's holding that "[t]he nature and lack of justification for defendant's unconscionable claim raise[d] a strong inference that the defendant's motive in bringing the counterclaim was to harass the plaintiff"). Thus, as one court has explained, "[a] district court confronted with solid evidence of a pleading's frivolousness may[,] in circumstances that warrant it[,] infer that it was filed for an improper purpose." *Townsend*, 929 F.2d at 1365. As the court stated in *F.D.I.C. v. Maxxam, Inc.*, 523 F.3d 566, 577 (5th Cir. 2008):

> The rule reaches those pleadings which, although not without merit, constitute an abuse of legal purpose because brought for an improper purpose such as causing harassment, unnecessary delay or needless increase in the cost of litigation. As the Advisory Committee Notes state, the rule "should discourage dilatory or abusive tactics and help . . . streamline the litigation process."

## THE CLAIMS ASSERTED IN QBE'S COMPLAINT ARE PATENTLY FRIVOLOUS

QBE's Complaint is replete with baseless claims that bear no merit and serve to do nothing but unnecessarily delay this case and increase the costs of litigation. QBE's Complaint alleged claims relating to the "construction deficiencies in work or materials supplied by Jorda." QBE's claims are completely negated by the Association's voluntary dismissal with prejudice of its Amended Complaint in its action against Jorda. In order to succeed, QBE has to establish the underlying negligence of Jorda, which is barred by the doctrine of issue preclusion. As such, Rule 11 sanctions are appropriate. *Proctor v. Educational Credit Management Corp.*, 2010 WL 4919670, *7 (S.D.Ohio)(imposing sanctions and rejecting claim that subrogation was a nonfrivolous attempt at establishing new law).

It is clear that contrary to the allegations of QBE's Complaint, QBE and its counsel **knew** it had no basis upon which to rely upon any right to equitable subrogation for a claim which had already been dismissed with prejudice. Nevertheless, QBE improperly delayed and objected to answering interrogatories on the very subjects it pled in its Complaint and which the Association contractually agreed it would never again raise against Jorda. In doing so, QBE has needlessly compelled Jorda to defend this action, incur additional litigation costs, and has likewise put an unnecessary burden on this Court's judicial resources. Id. at *6 ("Rule 11 does not bar Wells Fargo from seeking fees related to discovery which were naturally incurred as a result of defending this suit. . . . *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (a violation of Rule 11 could conceivably warrant an imposition of fees covering the entire litigation, if, for example, a complaint or answer was filed in violation of Rule 11).")

One court has declared that the courts have "an affirmative obligation to ensure that judicial resources are not squandered by litigants who misuse the courts." *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990). As stated in the "Advisory Committee Notes" to Rule 11 when speaking of the 1993 amendments, it is stated:

> The Rule retains the principle that attorneys and pro se litigants have an obligation to the Court to refrain from conduct that frustrates the aims of Rule 11 . . . . These subdivisions [(b) and (c)] restate the provisions requiring attorneys and pro se litigants to conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents, and prescribing sanctions for violation of these obligations . . . . The Rule continues to require litigants to "stop-and-think" before initially making legal or factual contentions. It also, however, emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable and by generally providing protection against sanctions if they withdraw or correct contentions after a potential violation is called to their attention.

In this case, the expense incurred by Jorda in having to pay counsel to defend against QBE's scurrilous claims is real and cannot be overlooked. Further, the fees incurred by Jorda in defending against such frivolous claims are substantial, yet reasonable in view of QBE's Complaint and filings in this action which fail to address the prior adjudication on the merits of the same claim, and the absence of a release for Jorda from the Association, both of which independently precluded QBE from bringing and maintaining this action.

### THE SANCTIONS REQUESTED ARE FAIR, REASONABLE AND WARRANTED

When a Rule 11 violation exists, the court is authorized to impose an "appropriate" sanction that is "sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(2). Rule 11

permits an award of those expenses "directly caused by the filing." *Cooter*, 496 U.S. at 406-07. The Court may also award the party prevailing on the sanctions motion its attorneys' fees and expenses incurred in presenting the motion. *See* Fed.R.Civ.P. 11(c)(1)(a); *Buster v. Green*, 104 F.3d 1186, 1190 n.5 (9th Cir. 1997). The Court may also impose a fine payable to the court. Committee Notes on Amendments to Federal Rules of Civil Procedure (1993), 146 F.R.D. 401, 587-88.

By this Motion, Jorda requests that this Court impose monetary sanctions on QBE and its counsel of record[2], jointly and severally, and payable to Jorda in the amount of the reasonable attorneys fees incurred by Jorda in responding to QBE's Complaint in this action, having to defend this action since then, and in bringing this Motion for Sanctions. Such sanctions are specifically authorized by Rule 11(c)(2).

### **QBE'S COUNSEL MAY ALSO BE SANCTIONED UNDER 28 U.S.C. § 1927**

28 U.S.C. § 1927 ("Counsel's liability for excessive costs") authorizes sanctions against an attorney -- who may be called upon to "satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred" -- when that attorney "is responsible for causing the suit to be filed and for allowing the litigation to continue," despite the lack of merit in the litigant's claims. *Riddle & Assocs., P.C. v. Kelly*, 414 F.3d. 832, 836 (7th Cir. 2005) (affirming award of sanctions against attorney pursuant to Section 1927 for filing and prosecuting a meritless claim). QBE's and QBE's Counsel's prosecution of this action, contrary to the facts and law, warrants sanctions. *See generally* 28 U.S.C. § 1927; Fed.R.Civ.P. 11; *see also Attwood*, 105 F.3d at 612; *Collins*, 834 F.2d at 965; *Riddle*, 414 F.3d. 832.

---

[2] *See*, 28 U.S.C. § 1927.

Rule 11 authorizes sanctions "when a party files a pleading that has no reasonable factual basis" and "when the party files a pleading in bad faith for an improper purpose." *Pelletier v. Zweifel*, 921 F.2d 1465, 1514 (11th Cir.), *cert. denied*, 502 U.S. 855 (1991). Moreover, "[u]nder the 1993 amendments to Rule 11, a party is responsible for reaffirming all contentions in papers filed before the court and informing the court of any changes of circumstances that would render a contention meritless." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (affirming sanctions against party because "Rule 11 requires [parties] to make reasonable inquiries into the veracity of information filed before the court and to advise the court of any changes"). QBE's pleading is rife with allegations that, it is patently clear, were precluded by a dismissal with prejudice of the same or nearly the same allegations constituting an adjudication on the merits, before QBE's Complaint was ever filed. The Complaint was also deficient because of its missing the essential allegation of release, and it was time barred when it was filed. The Complaint therefore is not supported by law and will not be supported by any measure of pretrial discovery. "[F]iling a lawsuit is not a gratuitous license to conduct infinite forays in search of evidence." *Collins v. Walden*, 834 F.2d 961, 965 (11th Cir. 1987). "When it becomes apparent that discoverable evidence will not bear out the claim, the litigant and his attorney have a duty to discontinue their quest." *Id.* Here, both QBE and QBE's Counsel violated this "absolute duty." *See id.*

## CONCLUSION

The Court should grant this Motion and award sanctions against QBE and QBE's Counsel and in favor of Jorda in this action because QBE and QBE's Counsel filed and prosecuted a patently meritless action.

## CERTIFICATE OF GOOD FAITH

In accordance with Fed.R.Civ.P. 11(c)(2) and Rule 7.1(a)(3) of the Local Rules of the United States District Court - Southern District of Florida, undersigned counsel for Defendant, Jorda, certifies that on August 11, 2011, in good faith, undersigned counsel notified Plaintiff, QBE, by service of this motion that QBE's maintenance of the Complaint was improper, legally insufficient, without basis in law, and frivolous. QBE and its counsel failed to respond, correct or dismiss the Complaint within twenty-one (21) days after service of the demand letter and service of a copy of the motion upon it; and QBE and its counsel do not consent to the relief sought herein.

Respectfully submitted,

_____
Steven D. Ginsburg
Florida Bar No.: 218723
DUANE MORRIS LLP
1180 West Peachtree Street, Suite 700
Atlanta, GA 30309-3448
Telephone: 404-253 6900
Facsimile: 404-253-6901
E-mail: sdginsburg@duanemorris.com

*Counsel for Defendant, Jorda Enterprises, Inc. d/b/a Jorda Mechanical Contractors*

Case No. 10-21107 CIV-GOLD

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 11, 2011, I served this Motion for Sanctions Pursuant to Fed.R.Civ. P. 11 and 28 U.S.C. § 1927 upon Sorraya M. Solages, Melissa M. Sims, Esq., William S. Berk, 2 Alhambra Plaza, Suite 700, Coral Gables, FL 33134, by facsimile and email and by depositing a copy of same in the U.S. Mail with sufficient postage affixed thereto. I further certify that on ~~August ___, 2011~~ March 14, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all participating attorneys.

_____
Steven D. Ginsburg