UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-21107-CIV-GOLD/GOODMAN

QBE INSURANCE CORPORATION,

    Plaintiff,

v.

JORDA ENTERPRISES, INC.,

    Defendant.

_____

### ORDER ESTABLISHING PROCEDURES FOR RESOLVING SANCTIONS MOTION

The Honorable Alan S. Gold referred to me Defendant's Motion for Sanctions [ECF No. 124]. Judge Gold made this referral in his order granting [ECF No. 159] Defendant Jorda's summary judgment motion. In that referral, Judge Gold directed me to conduct a hearing and to issue a Report and Recommendations. Following that referral, I held a procedural status-type hearing earlier today to discuss a possible procedural framework for resolving the motion.

The following procedures will apply to the sanctions motion:

First, without ruling on whether an evidentiary hearing is required, the Undersigned believes it is appropriate, given the potential consequences[1] to the Plaintiff and its attorneys, to schedule one, similar to the evidentiary hearing used in *Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230 (11th Cir. 2006).

Second, QBE and its counsel shall submit a notice by August 15, 2012, listing all the witnesses they intend to have testify at the evidentiary hearing, along with a reasonable estimate of the amount of time each witness is expected to testify for on direct. The Court anticipates that

---

[1] At today's hearing, defense counsel estimated that the fees and costs being sought easily exceed half a million dollars.

no witness will testify on direct for more than an hour. In fact, the Court perceives that most, if not all, of the witness will complete their direct testimony in half an hour or less.  If counsel believe additional time (i.e., more than one hour on direct, per witness) is required, then they shall explain why.

Third, Jorda shall have until August 20, 2012 to submit a list of additional witnesses it intends to call at the hearing. Jorda will also provide an estimate of the anticipated length of the direct testimony.

Fourth, the Court anticipates that the witnesses will be either current and/or former employees of QBE, current and/or former attorneys and other employees of the law firm representing QBE in this case up through the entry of summary judgment, current and/or former residents of the condominium involved in the underlying litigation surrounding property damage to the complex and any investigators or consultants used by QBE and/or its counsel. The Court suggests that counsel cooperate and facilitate the attendance of witnesses through acceptance of subpoenas, agreements to produce witnesses at the evidentiary hearing, and otherwise.

Fifth, no pre-hearing discovery will be permitted.

Sixth, no pre-hearing briefing will be permitted.

Seventh, the Court will schedule a substantive hearing on the sanctions motion after the evidentiary hearing is completed. The Court *may* permit additional briefing before the final, substantive hearing but will advise the parties of its decision at the time. This should not be construed as an indication that additional briefing will, in fact, be allowed, as the Court may *not* permit additional briefing.

Finally, because the sanctions motion was filed many months ago and because Judge Gold's order unequivocally states that the Court will await entry of final judgment until

resolution of the sanctions motion, the Undersigned does not want to further delay resolution of the motion. Therefore, counsel for both Plaintiff and Defendant shall by August 15, 2012 separately submit a notice listing the dates on which counsel and its witnesses are available during the last two weeks of August and the first two weeks of September 2012.[2] The Court will be scheduling the evidentiary hearing for a date during the next 30 days, so counsel are encouraged to work with their schedules and to find available dates.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 9th day of August, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan S. Gold

All counsel of record

---

[2] Plaintiff's counsel shall advise all attorneys (including attorneys who no longer work at the firm) who might be affected by the sanctions motion litigation of this Order and the upcoming evidentiary hearing. In addition, the scheduling notice filed by Plaintiff should take into consideration the schedules of all attorneys potentially affected by the sanctions motion.