UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 10-21107-CIV-GOLD/GOODMAN

QBE INSURANCE CORPORATION,

    Plaintiff,
v.

JORDA ENTERPRISES, INC.,

    Defendant.
_____/

# ORDER PROVIDING PARTIAL CLARIFICATION OF ISSUES FOR

# UPCOMING  EVIDENTIARY HEARING

This cause is before me in connection with Defendant's Motion for Clarification [ECF No. 183].

The Court agrees that clarification of the issues raised in the referenced motion would be helpful. Some of the clarification will be provided in this Order. The remaining issues will be discussed during the August 30, 2012 telephone hearing.

Concerning issue 4, the September 20, 2012 evidentiary hearing will involve *only* the fundamental issue of *entitlement* to sanctions, not the amount. Therefore, concerning this limitation and clarification, Jorda should be prepared to advise the Court and QBE at the telephone hearing whether Jorda still intends to call Mr. Jimenez and Mr. Kellogg

as witnesses at the September 20, 2012 evidentiary hearing (which, as noted, relates only to the core issue of whether sanctions are warranted).

Regarding issue 3, the Court cannot compel *QBE's* counsel to designate additional witnesses who might be called by separate, individual counsel for the sanctions defendants. Indeed, the Court does not yet know if any of the sanctions defendants intend to have individual counsel at the evidentiary hearing, and it is conceivable that one or more of the sanctions defendants will not make a final decision to retain separate counsel until the results of the mediation are known. However, the Court appreciates Jorda's legitimate desire to not be surprised with witnesses at the evidentiary hearing who were not previously disclosed. Therefore, the parties should be prepared to discuss this issue further at next week's telephone hearing.

The parties should also be prepared to discuss at the telephone hearing the remaining issues flagged in the motion for clarification.

Finally, to the extent that any of the sanctions defendants (QBE, Berk, Merchant & Sims and any of that firm's current or former attorneys who worked on the subrogation case) have already retained counsel other than lawyers at White & Case or Berk, Merchant, then those additional attorneys shall also participate in the August 30, 2012 telephone hearing. Because the Court does not yet know if there are any separate attorneys, or, if there are, their identities, it is the sanctions defendants' responsibility to advise all separate counsel (if there are any) of this requirement. To the extent that any

sanctions defendant has identified potential separate counsel but has not yet finalized arrangements, those attorneys who may be retained for the evidentiary hearing may participate in the August 30, 2012 telephone hearing. Again, it is the sanctions defendants' responsibility to provide the requisite notice to this other category of attorney.

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 24th day of August, 2012.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan S. Gold

All counsel of record